JOHN EARNSHAW V. NICHOLAS C. CROUT, *et al.*

MUTUAL MISTAKE *in the Description of Land Conveyed.* In 1863 Solomon Houck, being the owner of the southeast quarter of the northwest quarter and the entire northeast quarter of section thirty-four, township twelve, range twenty-four, Johnson county, all of which was vacant and unoc-cupied, sold and conveyed sixty acres to J. W. Lewis. The deed, which was recorded the same year, described the land as "*a certain piece or parcel of land*, . . . to wit, the S. E. ¼ of the N. W. and the W. ½ of the S. E. of the N. E., . . . containing sixty acres." In 1866 Houck conveyed to Jacob Pearson a tract described as the entire northeast quar-ter, except twenty acres, viz., the west half of the southwest quarter thereof, being one hundred and forty acres. Pearson took immediate

possession of the land described in his deed, and in 1868 sold and conveyed the same land to defendant, who has ever since been in actual occupation thereof. In 1872 Lewis sold and conveyed sixty acres to plaintiff, the description in the deed following that of Houck's deed to Lewis, except that the words "a certain piece or parcel of land" were omitted, and the words "the following-described real estate" inserted. All these three deeds were recorded immediately after the execution. Plaintiff supposed he was purchasing the southeast of the northwest and the west half of the southwest of the northeast, which land was still vacant, and formed one contiguous tract of sixty acres. He immediately took possession of this tract, and occupied it till 1877, claiming no other land. Then, finding an outstanding tax title on the west half of the southwest of the northeast, he bought it and commenced an action to quiet title against the heirs of Solomon Houck, deceased, who during his lifetime had never made any sale or conveyance of said twenty acres, unless by the sale and conveyance to Lewis and Pearson. At the same time, plaintiff commenced this action to recover possession of the west half of the southeast of the northeast. On the trial, plaintiff admitted that he intended to buy from Lewis, and supposed he had bought the one tract of sixty acres, and did not think of getting the twenty acres for which this action was brought. Defendant had not only occupied the land described in his deed from the time he purchased, but had also paid all the taxes thereon during that time. Lewis deposed that he intended to buy from Houck and to sell to plaintiff the west half of southeast, and not the west half of southwest, but it appeared that he had all the time been a resident of Central Missouri, remote from this land, and it did not appear that he had ever seen the land or made any selection from actual view, and no reason was given for purchasing two small tracts of vacant land, separated by a forty-acre tract, instead of one compact body of sixty acres, or why, if two tracts were purchased, it was described as "a certain piece or parcel," or why no inquiry was made by reason of defendant's payment of taxes, and no challenge of his rights during the many years. The district court found that the defendant had the title and right of possession, and that, notwithstanding the recorded deeds showed, *prima facie*, a prior right in plaintiff, there had been a mutual mistake in the description of the land conveyed. *Held*, That this court could not set these findings aside on the ground that there was no testimony to sustain them.

*Error from Johnson District Court.*

EJECTMENT, brought by *Earnshaw* against *Crout* and another, to recover possession of the west half of southeast quarter of the northeast quarter of section 34, township 12, range 24, in Johnson county. Trial at the June Term, 1879,

36—23 KAS.

of the district court, and judgment for the defendants. The plaintiff brings the case to this court for review. A sufficient statement of the facts is contained in the opinion.

*A. Smith Devenney,* for plaintiff in error:

Defendants were not entitled to any relief as against Earnshaw's grantor, Lewis, because, first, he was not before the court as a party to the suit; second, there is not the slightest evidence to justify the court in granting relief in such case; third, the defendants were not entitled to relief as against Earnshaw.

Unless the evidence clearly shows a mutual mistake, there can be no recovery in any case. (2 Kent's Com., 11th ed., 622; Kerr on Fraud and Mistake, 422.) No court should undertake to reform, in an essential manner, an instrument conveying title of real property, without having before it all the parties to be affected by the proposed reformation, is the true doctrine. (32 Ga. 341; 21 Wis. 511; 33 Me. 222; 47 Ind. 211.) Crout is a stranger to both deeds which he seeks to reform.

There is not a particle of evidence to the effect that either Houck or Lewis or Earnshaw was ever applied to by any person to correct the alleged mistake, and such being the case, we take it to be well settled in equity, that where a deed is defective by mistake, the party injured thereby must apply to the grantor for correction as soon as he discovers the mistake, or he will not, nor will his grantees, be entitled to relief. (33 Ala. 327; 9 Gill, 420; 47 Md. 68; 19 Cal. 294.)

As the undisputed evidence is that Lewis paid the taxes on the twenty acres in controversy from the time he purchased of Houck in March, 1863, until he sold to Earnshaw, in February, 1872, we claim that both Pearson and Crout had notice thereby that there was some mistake in *their* deeds, and they should have been diligent in having the same corrected; and neither of them having done so, it is now submitted that they are not entitled to any relief as against either Lewis or Earnshaw in this case. Where a party seeks equitable relief on the ground of mistake, he should show

affirmatively that he has used due diligence and good faith to have the same corrected. (48 N. Y. 200; 9 Gill, 420; 11 Ga. 159; 20 id. 517; 16 Ala. 600.)

Lewis, being an innocent and *bona fide* purchaser, is entitled to protection at the hands of the court, and his grantee succeeds to his rights. 76 N. C. 311; 40 Ga. 535; 6 Jones (N. C.) Eq. 295; 13 Ga.; Kerr on Fraud and Mistake, 436.

It cannot be claimed with any degree of consistency that either Lewis or Earnshaw is responsible for the mistake, if any there be; and when two or more persons have by "mutual mistake" suffered loss, relief will not be given to one of the parties by imposing the entire loss upon one, unless it can be shown that he was in some degree responsible for the existence of the mistake. (7 Bush. 649.)

Lewis being a *bona fide* purchaser for a valuable consideration, (and Earnshaw having paid a valuable consideration, and in good faith, to Lewis,) he has an equity superior to Pearson and Crout; and Earnshaw holds the title, with all the incidents which protected it in his grantor. (12 Nev. 38; 2 Fonb. Eq. 149; 1 Story's Eq. 409, 410; 13 Ga. 88; 11 id. 277; 16 Mo. 474; 10 How. 174; 1 Blackf. 191; 2 Yerg. 193.)

Notwithstanding the trial court found that Earnshaw knew of a mistake in the deed to him from Lewis, after the deed was made and delivered, and that he had notice of Crout's rights by reason of the latter being in actual possession of the disputed twenty acres, yet we confidently submit that Earnshaw is permitted to stand upon the innocence and rights of Lewis; as Earnshaw is in privity with him, he (Earnshaw) can avail himself of the equities of Lewis. (Kerr on Fraud and Mistake, 316, 320; 2 Washb. on Real Pr., 4th ed., 485; Story's Eq., §§ 410–419; 1 Hopk. Ch. 48; 6 Jones, 295; 76 N. C. 311; 9 Paige, 315; 8 Miss. 479; 46 id. 489; 47 Me. 507; 6 Ala. 801; 2 Fonb. Eq. 146; 6 Leigh, 576; 4 Watts & S. 102; 3 Litt. 365; 44 Ind. 382; 5 Ohio St. 319; 40 Iowa, 432; 37 Wis. 449; 3 Washb. on Real Pr. 339; 1 Jones on Mortgages, 2d ed., § 582; 8 Cranch, 462; 8 Johns. 141; Willard's Eq. 429; 8 Pick. 329; 3 Washb. on Real Pr. 325, 326;

3 Jones N. C. Eq. 240; 2 Stockton, 419; 18 N. H. 159; 2 Atkins, 139; 16 Mass. 406; 35 Mo. 71; 8 Ga. 258; 23 Miss. 124; 2 Carter, 422; 24 Miss. 58; 10 Iowa, 517; 13 N. Y. 523; 36 Iowa, 664; Broom's Legal Maxims, 346; 4 Mo. 62; 37 id. 363; 26 Ga. 315.)

A person affected by notice has the benefit of want of notice by intermediate purchasers, and this rule applies to mistakes. (1 Story's Eq., §§ 436, 631; 48 Miss. 492; 11 Ves. 467; 4 Munf. 313; 33 Ind. 1; 2 Ala. 458; 3 id. 458; 3 Green's Ch. 492; Spear's Ch. 159; 4 Bibb, 482; 1 Johns. Ch. 213; 2 Ala. 648; 10 Iowa, 517; 23 Mo. 117; 1 Paige's Ch. 280; 6 id. 251; 44 Iowa, 642; 12 Nev. 38; 85 Ill. 597.)

*I. O. Pickering*, for defendants in error:

The court below found upon abundant evidence every fact upon which it predicated judgment for the defendants. First, that at the time of the commencement of this suit, Crout was the *owner*, and entitled to the possession of said land; second, that at the said time, Nall was in possession of said land as the tenant of Crout; third, that Crout has been in the actual, quiet, peaceable and undisturbed possession of said land ever since the 23d day of November, 1866; fourth, that plaintiff was never, at any time, in possession of said land, and never claimed possession thereof prior to the commencement of this action; that there was a mistake in the description of the land intended to be conveyed in the deed from Lewis and wife to plaintiff, dated February 24th, 1872, and that Earnshaw, plaintiff in error, acquired no title under and by virtue of the deed to said land, as against the defendants in error.

We apprehend the findings of the trial court, and the judgment based thereon, will not be set aside by this court, unless they are *clearly* erroneous.

Plaintiff in error claims that the fact that the deed from Houck to Lewis was on record at the time of the purchase by Pearson, Crout's grantor, was itself sufficient to charge Pearson, and afterward Crout, with notice of the contents thereof, and they must be deemed to have purchased with

notice. This would be correct if the laws of 1868 were to govern. (Gen. Stat., ch. 22, § 20.) But this deed from Houck to Lewis was executed March 1, 1863, and is to be governed by the registration law of 1862. (Comp. Laws 1862, ch. 40, § 13; 12 Kas. 393.)

It must be remembered that Earnshaw himself swears that he purchased and *intended* to purchase, and received his deed from Lewis believing that it conveyed, *other* and *different* land from that which he is now seeking to recover. And further, that in pursuance thereof he at once took actual possession of the sixty acres so purchased, and improved the same. Hence we claim that there was lacking the essential elements of a contract between Lewis and Earnshaw; that is to say, Earnshaw never assented to the contract, and accepted the deed believing that it conveyed other land. The court found that Earnshaw took no title under this deed as against defendants in error. And these facts, and others proven and stated in the record, distinguish the case at bar from those cited by plaintiff in error.

The point attempted to be made by counsel for plaintiff in error, that the deed from Houck to Lewis, "passed all the title the former then had to the land to the latter," as an abstract proposition, is true, and would hardly need the citation of authorities in its support, but is subject, nevertheless, to the condition that there was neither fraud nor mistake in its execution. That there was a mutual mistake between the grantor Houck, and the grantee Lewis, as well as between Lewis and Earnshaw, there can be no doubt, as there was both internal and external evidence of the fact, and the court so found. If this position be correct, then Pearson (Crout's grantor) took an absolute legal estate.

The opinion of the court was delivered by

BREWER, J.: Earnshaw brought ejectment against Crout, the owner, and Nall, his tenant, to recover possession of the west half of the southeast quarter of the northeast quarter of section thirty-four, township twelve, range thirty-four, in Johnson county, in the district court of said county, his peti-

tion being filed December 27, 1877. The defendants answered by a general denial, and in addition alleged a mutual mistake in the deed of conveyance from Solomon Houck (from whom both plaintiff and defendants claim title in this action) to James W. Lewis, and from Lewis to plaintiff in error Earnshaw. The deed from Houck to Lewis was dated March 1, 1863, and purported to convey in the language of said deed "a certain *piece* or *parcel* of land, situated, lying and being in Johnson county, Kansas, to wit, the S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of sec. 34, T. 12, S., and R. 24, E., *containing 60 acres.*" The land as above described will more readily appear by reference to the following diagram:

*Diagram of Section 34, Township 12, Range 24, Johnson County, Kansas.*

The testimony shows that William Holmes, of Kansas City, Mo., was the scrivener who drew both deeds — that

is to say, from Houck to Lewis, and from Lewis to Earnshaw
—and that, in drawing the latter deed, he merely copied the
description from the former.

Houck sold and conveyed to Jacob Pearson, November
23d, 1866, by warranty deed, all of the said northeast quar-
ter of said section 34, except the west half of the south-*west*
quarter thereof, being one hundred and forty acres, and
Pearson took immediate possession. Pearson sold and con-
veyed to Nicholas C. Crout, the present owner, *all* of said
northeast quarter, *except* said west half of the south-*west*
quarter thereof, May 18th, 1868, and Crout took immediate
possession of all of said land, and has been in the quiet,
peaceable, exclusive and undisturbed possession of all the
land so conveyed—including the twenty acres in dispute—
until the commencement of this suit, and is now in posses-
sion.

The deed from Lewis to Earnshaw is dated February 24,
1872, and under said deed Earnshaw swears he took posses-
sion of and improved the sixty acres (being in a compact
form) which he supposed he purchased and intended to pur-
chase from Lewis. The deeds were all recorded shortly after
their execution. The land was all vacant and unoccupied at
the time of the deed from Houck to Lewis, and so remained
until the deed from Houck to Pearson, when he took posses-
sion of the tract described in his deed. Lewis never occu-
pied any of the land, and the sixty acres which Earnshaw
supposed he was buying remained unoccupied until his pur-
chase, when he took possession. The possession so held by
plaintiff and defendant of the respective tracts remained
unchallenged until the commencement of this action, in De-
cember, 1877. At that time plaintiff finding a tax-title
outstanding on the west half of the southwest quarter of the
northeast quarter of section 34, the east twenty acres of the
land occupied by him, purchased such tax title and com-
menced an action to quiet the title of the heirs of Solomon
Houck, and at the same time this action to recover possession
of the west half of the southeast quarter of the northeast

quarter of section 34, the tract in dispute. As to taxes, defendant Crout testified that he had paid all the taxes since the date of his purchase, on all the land in his deed, including the tract in dispute, and had the receipts therefor in his possession; while Lewis testified that he paid the taxes on the disputed tract from 1864 to 1872 inclusive, except during the years 1865, 1866, 1867, 1868, and 1869, and that for those years some person without his knowledge or consent paid them.

The court found for the defendants, that Crout was the owner and entitled to the possession; that he had been in actual possession since November, 1866; that plaintiff had never had actual possession and never claimed a right thereto, -till the commencement of this action; that there was a mistake in the description of the land intended to be conveyed in the deed from Lewis to plaintiff, and that plaintiff acquired no title by virtue of said deed to said land as against the defendants. It then rendered judgment that defendant Crout was the owner, and entitled to possession, and that the defendants recover costs.

It seems to us that there is one principal question: Does the evidence sustain the conclusions of the court? Upon the record, clearly plaintiff had the better title. Houck's deed to Lewis was prior in date and first of record. There was no actual possession at the time by any one, and therefore no constructive notice of any equities. Of course, a mutual mistake is a mistake by each. If either party intended the tract actually described, there was no mutual mistake; and in the absence of fraud the conveyance must stand as of the land described. Now, of the three parties to the two deeds under which plaintiff claims, the plaintiff testifies that he intended to purchase, and supposed he was purchasing, the west half of the southwest quarter, and not the disputed tract. On the other hand, Lewis deposes that he intended to purchase from Houck, and to convey to plaintiff, the very land described; and Houck was dead, and could not be heard as to his intentions. Nevertheless, there is evidence tending to show that

both Houck and Lewis intended the west half of the south-west quarter, and that there was simply an error on the part of the scrivener in drawing the deed. Lewis does not claim that he examined and selected from personal observation the two tracts described. The land was all vacant. Ordinarily, a party purchasing would prefer land in one body, rather than in two tracts with an intervening forty acres. If such separate tracts were in fact selected, there must have been some reason — something in the character of the tracts, or their location, which caused the selection. If such facts existed, Lewis could have named them, and thus, by the reasons therefor, have sustained the fact of an actual selection. This, it is true, is but negative evidence, but is entitled to weight. We are justified in assuming that these men did act as men will ordinarily act; and if the act be a departure from ordinary conduct, special reasons must exist therefor, and the absence of any such special reasons casts a doubt as to the existence of the alleged act. Further, the deed itself carries strong internal evidence to the contrary of Lewis's testimony. It commences the description thus: "A certain piece or parcel of land," and closes with, "containing sixty acres." Now if the disputed tract was intended, there were *two* certain pieces or parcels. We use the term "*one* certain piece or parcel" to describe a single body of land, and contiguous tract, and not two distinct tracts, separated by intervening land held under different ownership. It will be noticed that there was no unity of use, for the lands were vacant, and not simply two parts of *one* farm. There was no unity in situation — no unity in fact at all — nothing from which a oneness in description could be aptly implied. Further, this one piece or parcel is described as containing sixty acres. These words close the description, and add some force to the implication of an intentional unity in the tract, for if two separate tracts were intended, we should ordinarily look for the quantum of acres to be added to each description, the one here of forty, and the other of twenty acres.

Again, as evidence of the understanding of Houck, the grantor, it appears that three years later he conveyed this

disputed tract to Pearson. The description in this deed is of the entire quarter except twenty acres, the west half of the southwest quarter thereof. This of course tends to indicate his understanding of what he had conveyed to Lewis, for it will not be presumed that he was acting dishonestly in these transactions; and that he did not, appears also from the fact that he never conveyed this west half of the southwest quarter, and plaintiff's action to quiet title was against his unknown heirs.

Further, it should be noticed that Lewis was a resident of Howard county, Missouri, remote from the land, so that his dealings with it and understanding of it would be more likely based upon records and deeds than upon actual knowledge and selection. Still further, the long-continued occupation and acquiescence is a circumstance to be considered as throwing light upon remote transactions like this. Taking all these matters into consideration, we are unable to say that there was not testimony from which the court could fairly hold that there was a mutual mistake in the description in the two deeds under which plaintiff claims, and that the tract in dispute was never intended to be conveyed by them.

These conclusions obviate the necessity of any inquiry into the proposition discussed by counsel for plaintiff and fortified with many citations, that if Houck or Lewis intended the disputed tract in the first deed, that tract passed by the deed to plaintiff, notwithstanding his mistaken supposition that the latter could, notwithstanding his intention, avail himself of all of Lewis's rights, and take the very land he owned and in fact conveyed, for if the mistake runs through the entire chain of title, there is nothing back of his own deed upon which plaintiff can rest. Further, the failure to make Lewis a party cannot cut off defendant from all defenses, legal or equitable, which he may have to plaintiff's claim of possession. The judgment does not attempt in terms to reform any deeds, but simply adjudges defendant's title and right of possession to be good. Whether Lewis is bound by this judgment or not, and what effect it may have upon plain-

tiff's liability to him for the balance of the purchase-money not yet paid, are questions not before us. All that this judgment attempts to do, is to establish defendant's right of possession as against plaintiff's claim. The effect of this adjudication upon those not parties to this action must be considered in other actions.

The judgment will be affirmed.

All the Justices concurring.