The opinion of the court was' delivered by
Valentine, J.:
The plaintiff in her petition in the court below alleged that she was administratrix of the estate of Arthur D. Parker, deceased, that the defendant was indebted to the deceased for money loaned and advanced, and for services rendered, and asked the court to render judgment for the plaintiff for the amount of said indebtedness. The defendant answered by filing a general denial. The jury rendered a general verdict for the plaintiff for $2,500, and .also made special findings showing that the plaintiff's claim was barred by the statute of limitations. The court rendered judgment for defendant, for costs. "We think the court below erred in rendering said judgment. ' It is true, the special findings authorize such a judgment; but the special findings are not founded upon any issue in the case. A general denial can never raise the question, whether the action is barred by the statute of limitations. When the petition does not show upon its face that the claim is barred, (and that is this case,) *352 the only way by which the question of the bar of the statute of limitations can be raised is by special plea. We know of no decision against this proposition, but there are many decisions in its favor, both at common law and under the codes of the various states. (McKinney v. McKinney, 8 Ohio St., 423; Sturgis v. Burton, 8 Ohio St., 215; 2 Estee’s Pl., 743, 744, and cases there cited.)
What the court should have done it is difficult to tell from the record brought to this court. We have none of the evidence, and none of the details of the trial. From anything that appears in the record, both the parties may have tried the case upon the theory that the question of the statute of limitations was properly raised by the pleadings; or they may have tried it upon a very different theory. It may be that it would have been proper for the court below to have allowed the defendant to amend her answer upon easy terms, and then to have rendered the same judgment that was rendered; or it may-be that it would have'been proper for the court to have stricken out the special findings upon the question of the statute of limitations, and then to have rendered a judgment on the general verdict for the plaintiff for said $2,500. It all depends upon the manner in which the case was tried by the parties, respectively. It is probable that the case was tried in such a manner that it would have been proper for the court to have allowed the defendant to amend her answer upon such terms as would have been just and then to have granted a new trial.
The judgment of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.
Kingman, C. J., concurring.