JAMES BAKER v. W. H. SEARS *et al.*

No. 38.

1. CASE-MADE—*Errors Therein.* Although this court may not hear evidence for the purpose of revising a case-made and correcting errors in the recitals of the proceedings had upon the trial, yet no unjust advantage will be permitted to be taken of such errors by the party who is responsible for their appearance in the record when the court can legally prevent it.

2. BRIEFS, *Rules in Regard to.* The rules of this court upon the subject of briefs were adopted to be observed and followed; and a disregard of their plain requirements by a plaintiff in error, without valid excuse, is, of itself, sufficient reason for the affirmance of the judgment or the dismissal of the case.

3. STATUTE OF LIMITATIONS—*Waiver.* Unless the defense of the statute of limitations is specifically raised in the trial court before judgment, such defense will be deemed to be waived.

MEMORANDUM.—Error from Douglas district court; A. W. BENSON, judge. Action of ejectment by James Blood against James Baker. Judgment for plaintiff. W. H. Sears and others, executors, were substituted for Charles Robinson, as assignee of plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed November 11, 1895, states the material facts.

*Barker, Poehler & Peairs,* for plaintiff in error.

*Joseph E. Riggs,* for defendants in error.

*Per Curiam:* This was an action of ejectment, brought March 18, 1889, by one James Blood, to whose rights the defendants in error were afterward substituted, in the district court of Douglas county, to recover certain real estate, the title to which was claimed by the plaintiff under a tax deed. The court held the tax deed to be invalid, but allowed judgment to the plaintiff for taxes paid by him and interest

thereon, as provided by statute. From this judgment the defendant (plaintiff in error) appealed to the supreme court, where his petition in error was filed August 22, 1891, and the case was subsequently transferred to this court for hearing.

Defendants in error have presented a motion, supported by affidavits, to correct what is alleged to be a clerical error in the case-made, by so changing the recitals thereof as to show that the tax deed introduced in evidence in the court below, as the plaintiff's evidence of title, was recorded March 19 instead of March 9, 1887, as the record now states. The evidence presented on the motion is not disputed, and shows quite clearly that in the preparation of the case-made, through some error or mistake in copying the indorsements on the tax deed, the date of the recording of the deed was stated to be March 9, 1887, when the actual date, as shown by the certificate of the register of deeds indorsed on the original deed which was introduced upon the trial, was March 19, 1887. Counsel who now appear for plaintiff in error do not deny that this clerical error was made, but insist upon standing by the record as it is, and object to any correction being made by this court. In the face of such objection, it is probably true, at least in the absence of any showing of fraud, that the case-made must be accepted by this court as it was settled and signed by the trial judge. It is not within the province of an appellate court, in this manner, to revise and alter a bill of exceptions or case-made, upon an allegation of error and mistake therein committed by the trial judge, who is made by statute the exclusive judge of what should be inserted to make a true record. (*Shepard v. Peyton*, 12 Kan. 616; *M. K. & T. Rly. Co. v. City of Fort Scott*, 15 id. 435; *Building Asso-*

*ciation v. Beebe*, 24 id. 363.) At the same time, mere clerical errors should, as far as possible, be disregarded in all judicial proceedings. When errors do inadvertently get into a record, no attorney is justified, either in law or in morals, in deliberately seeking an unfair advantage by reason of them; and in any such attempt, especially when made by a party responsible for the mistake, no favor or encouragement will be given by this court, nor avoidable opportunity afforded for success by such practices.

On examination of the brief of plaintiff in error filed in this case, we find no questions presented that were before the trial court; the only matter now urged for a reversal of the judgment being, that the action cannot be maintained because it was barred by the two-years statute of limitations. Had the facts appeared in the lower court as they do here, this statute, if properly pleaded, would have furnished a complete defense to the action. The alleged error in the record, as to the date of the recording of the tax deed, furnishes the only basis for this contention; and this court is asked to reverse the judgment for a reason which does not exist in fact, which was not in the case in the court below, and which would not be here but for a misstatement of fact for which the plaintiff in error himself is responsible.

To meet this situation, counsel for the defendants in error move to dismiss the case for the reason that the plaintiff in error has not made service of his brief as required by the rules of this court. It is admitted that the brief of plaintiff in error, now on file in this case, was not served on the defendants in error, or their counsel, until some days after the time required by the rules of this court. This case has been pending in the supreme court and in this court over four

years; it was on the docket for hearing in this court at the last June term, and was continued until the present term, and now it is found not ready for submission. No valid excuse has been presented for this apparent neglect and delay. The rules of this court with reference to briefs, both as to their form, subject-matter, and time of service, were adopted for the purpose of affording to the court and counsel the fullest opportunities and the best means for the consideration and disposition of cases. These rules should be regarded by the attorneys having business before the court as something more than mere suggestions to be observed or disregarded at their pleasure; and a failure to comply with their plain requirements on the part of a plaintiff in error, without adequate excuse, is sufficient reason itself for affirming the judgment or dismissing the case.

But, even taking the record as it is, we think the judgment must be affirmed. The pleadings consist of a petition containing general allegations of title and right of possession, without stating how the title was derived, and was such a petition as was sufficient under the statute. (¶ 4698, Gen. Stat. 1889.) The answer of the defendant was simply a general denial. Neither in the pleadings, nor in any of the objections or motions made by the defendant below, nor in any of the proceedings of the trial, was there any reference to the time that elapsed between the recording of the tax deed and the commencement of the action, nor a suggestion that the action was barred. It is well settled that if a statute of limitations is relied upon by a defendant to bar the prosecution of an action against him, such statute must be specially pleaded, unless it appears upon the face of the plaintiff's petition that his cause of action is barred. If

such question is not in some way presented by the pleadings and properly presented to the trial court, any defense based upon the statute of limitations will be deemed to have been waived. (*Parker v. Berry*, 12 Kan. 351; *Chellis v. Coble*, 37 id. 558; *Head v. Daniels*, 38 id. 1, 5.) So that, even if we accept the record as it now stands, and give full consideration to all that counsel urge in their brief, we are of opinion that nothing is presented which authorizes a reversal of the judgment.

It is only just to state that Messrs. Riggs & Nevison, who were attorneys for the plaintiff in error in the lower court, seem to have no connection with the case in this court.

The judgment will be affirmed.

All the Judges concurring.