THE KANSAS GRAIN AND LIVE-STOCK COMPANY v. G. HARTSTEIN.

No. 65:

1. RULES OF THE APPELLATE COURT—*a disregard of, will warrant an affirmance of the case.* The rules of this court upon the subject of briefs were adopted to be observed and followed; and a disregard of their plain requirements by a plaintiff in error, without valid excuse, is, of itself, sufficient reason for the affirmance of the judgment or the dismissal of the case. *Baker v. Sears*, 2 Kan. App. 617.

2. EVIDENCE EXAMINED—*and held to sustain findings and general verdict.* The record examined; *held*, that the evidence supports the special findings and the general verdict.

3. INSTRUCTIONS—*where weight of evidence sustains judgment, not reversed because instructions are merely indefinite.* Where the judgment rendered by the trial court is supported by the greater weight of evidence in the case and must necessarily have been rendered under the law on the facts presented, it will not be reversed because the instructions given by the trial court are indefinite but not misleading.

Error from Pawnee District Court. Hon. S. W. Vandivert, Judge. Opinion filed October 21, 1897. *Affirmed*.

STOCK CO. v. HARTSTEIN.     865

Oct. 21, 1897.     Opinion.  Schoonover, J.          W. Div.

*Whiteside & Gleason*, for plaintiff in error.

*J. W. Rose*, for defendant in error.

SCHOONOVER, J.   In this case the plaintiff in error, who was the plaintiff below, has failed in his brief to specify the errors complained of in the trial court. There is no statement of facts, as required by the rules of this court.   Neither the instructions of the trial court nor the evidence complained of, upon which he relies for a reversal of this judgment, is set forth, and we cannot tell definitely what errors he relies upon for a reversal of this case.   In the case of *Baker v. Sears* ( 2 Kan. App. 617 ), this court said :

" The rules of this court upon the subject of briefs were adopted to be observed and followed ; and a disregard of their plain requirements by plaintiff in error, without valid excuse, is, of itself, sufficient reason for the affirmance of the judgment or the dismissal of the case."

While the rules of practice have not been complied with, the rights of the litigants and the amount involved appeal to the discretion of the court and the case has been considered on its merits.

From the record in this case, it appears that on the twenty-sixth day of September, 1890, the plaintiff filed its amended petition, in which it alleged in substance, that plaintiff is a corporation duly organized under the laws of the State of Missouri.   That on or about the second day of August, 1890, the plaintiff entered into a written contract with the defendant, by the terms of which the defendant agreed to sell to the plaintiff, at Macksville, Stafford County, Kansas, and deliver to it ten thousand bushels of corn ; that defendant agreed to sell and deliver said corn to plaintiff, at Macksville, for the price of thirty-eight cents

55—6 KAN. APP.

per bushel, the corn to be delivered on or before the eighth day of August, 1890. The plaintiff claims that it has been ready to receive the corn at Macksville and pay the price agreed upon, and that it has demanded the corn of said defendant; but that said defendant refused to deliver the corn and that he has sold and delivered the corn to another party. Plaintiff further alleges, that the corn was worth on the day on which it was to be delivered fifty-five cents per bushel; that by reason of the refusal of the defendant to deliver the corn, the plaintiff has been damaged in the sum of seventeen cents per bushel, and in the total sum of seventeen hundred dollars. The contract upon which the plaintiff sues consisted of three telegrams, marked exhibits "A," " B " and " C," and attached to plaintiff's petition. They read as follows:

"JULY 31, 1890.—*To G. Hartstein, Chicago, Ill.:* Will give thirty-eight cents corn in crib. Answer quick.— S. H. WHITNEY."

"*To S. H. Whitney, Macksville, Kan.:* Will accept thirty-eight cents for all corn in crib at Macksville. Answer acceptance.— G. HARTSTEIN."

"AUGUST 2, 1890.—*To G. Hartstein, Chicago, Ill.:* Will take corn in crib, at price named.— S. H. WHITNEY."

The defendant, in answer to the petition of plaintiff, alleges in substance that he admits the sending and receiving of the telegrams. But he avers that he never at any time had any notice or knowledge that Whitney was acting for any other person than for himself, and that at the time Whitney sent the telegrams to the defendant he well knew that the defendant had agents in Macksville, Kan., who were undertaking to sell the corn, and that his agents were F. D. Woodford and J. T. Woodford.

Defendant states that at the time Whitney sent the first telegram the corn had been sold by defendant's agents, and that it had been purchased by the Fair & Shaak Company.  Defendant further alleges that Whitney was personally present at the time said sale was made, and that he had full notice and knowledge of the fact that the corn had been sold at the time of sending the telegrams.  The defendant also alleges that at the time he received the telegram from Whitney, and at the time he sent the answer thereto, he had no knowledge or notice that his agents had sold the corn, and that said Whitney, for the purpose of deceiving and defrauding the defendant, fraudulently, wilfully and knowingly concealed from this defendant the fact of the sale made by the agents.

It is further alleged in defendant's answer that after receiving the telegram he started immediately for Macksville, the place where said corn was, and undertook then and there to deliver the corn to Whitney.

It is further alleged that no money has ever been paid, tendered or offered to this defendant for the corn.  It is further claimed by the defendant that the plaintiff in this action released this defendant from all liability on account of his failure to deliver the corn.

The issue was submitted to a jury, and a verdict rendered for the defendant.  The plaintiff brings the case here for review.  The jury made special findings of fact, as follows :

"1.  Is it not a fact that S. H. Whitney was an agent of plaintiff during the months of July and August, 1890?  A. Yes.

"2.  Did defendant, prior to August 3, 1890, know that S. H. Whitney was plaintiff's agent?  A.  No.

"3.  Did S. H. Whitney know at the time he sent

the telegrams set forth in plaintiff's petition that the corn therein named had been sold? A. Yes.

"4. Did the defendant know at the time he sent exhibit B — one of the telegrams attached to the plaintiff's petition — that his agents had sold the corn in controversy? A. No.

"5. Did S. H. Whitney conceal from defendant the fact that the corn was sold at the time he made the contract named in plaintiff's petition? A. Yes.

"6. Did not plaintiff release defendant from all liability on the contract sued on? A. Yes.

"7. Was not the corn in controversy sold by defendant's agent prior to the time S. H. Whitney sent the telegrams named in plaintiff's petition? A. Yes."

These findings are in harmony with the general verdict and fully supported by the evidence.

It is contended by plaintiff that the court erred in the instructions to the jury, but the instructions complained of are not set forth in the brief of plaintiff. Considered as an entirety, they are indefinite, but not misleading.

The judgment is right. It is supported by the greater weight of testimony, and must be sustained.

The judgment of the District Court is affirmed.