## J. J. RAUER v. F. J. THOMAS.

### No. 10904.

EJECTMENT—*Evidence—Parties.* In an action to recover real property it is competent to prove that an instrument of conveyance relied upon to show title in a third person as a defense to the suit was made with an intent to defraud creditors, or that it was made to secure a debt and not to pass a title, and in such action the non-joinder of the third person, whose rights may be thus collaterally assailed, constitutes no ground for an abatement of the suit.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed December 10, 1898. Reversed.

*John H. Calvin,* and *W. H. Cowles,* for plaintiff in error.

*S. B. Isenhart,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action of ejectment brought by the plaintiff in error against the defendant in error. To maintain the defense, tax deeds to the land in question, executed to the defendant and good upon their face, but not protected by the statute of limitations, were introduced in evidence. In addition thereto a conveyance to a third person, antedating the claimed title of the plaintiff, was introduced in evidence as a further defense. The record then states all the subsequent proceedings in the following words :

"Thereupon the plaintiff offered evidence tending to prove (1) that said conveyance was voluntary and fraudulent ; (2) that said conveyance was made to secure a debt. Defendant objected to the evidence for the reason only that there was a defect of parties defendant to the action. The court received the evidence subject to further consideration ; and thereupon said plaintiff

introduced competent evidence tending to prove that the tax deeds introduced in evidence were invalid. After consideration the court ruled out and excluded all of said evidence offered by the plaintiff tending to prove that said conveyance was voluntary and fraudulent, or that it was actually a mortgage, and declined to pass upon the evidence as to the validity of the defendant's tax deeds. The rulings, if erroneous, were materially prejudicial to the plaintiff. Thereupon judgment was rendered for defendant, and plaintiff excepted.''

The plaintiff prosecutes error to this court. It would seem from the above quotation that the reason for the rejection of the evidence offered by plaintiff tending to prove that the conveyance to the third person was fraudulent, or was in fact only a security and not a deed, was the non-joinder of this third person. Probably the only reason for the court's refusal to pass upon the plaintiff's evidence of the invalidity of the defendant's tax deeds was because of the lack of necessity of so doing, in view of the non-joinder of the third person in question. The court was in error in its rulings. An outstanding title in a third person as a rule constitutes a defense to an action of ejectment, but such third person is not a necessary party to the determination of the action, and his non-joinder, therefore, furnishes no ground for an abatement of the suit. In an action to recover real property it is competent to show that an instrument of conveyance relied on to defeat the action was made with an intent to defraud creditors, or that it was made to secure a debt; and this is so, notwithstanding the rights of third parties may be collaterally passed on. ( *Knox et al. v. McFerran*, 4 Colo. 586 ; *Elder v. Schumacher*, 18 Colo. 433, 440, 33 Pac. 175 ; *Potter v. Adams*, 125 Mo. 118, 28 S. W. 490 ; *Webster v. Bond*, 9 Hun, 437 ; *DuPont v.*

*Davis,* 35 Wis. 631; *Kent v. Agard and others,* 24 Wis. 378.)

In the case of *DuPont v. Davis,* supra, Ryan, C. J., says :

"Yet the courts never hesitated to give judgment between the parties to ejectment, because the rights of others or their grants or covenants might be collaterally passed upon ; and we see no good reason why we should hesitate now, merely because we are judging an equitable instead of legal right. In all such cases, whether arising on legal or equitable defenses, we hold that it is unnecessary that persons whose rights are collaterally affected by the judgment should be parties or bound by the judgment."

The judgment of the court below is reversed and a new trial ordered.