N. F. FRAZIER v. EDWARD JEAKINS.

**No. 367.*** ( 62 Pac. 354.)

EJECTMENT—*Pleading—Evidence.* In this state the defendant in ejectment is allowed to set up an equitable defense, and, ordinarily, evidence of all facts and circumstances tending to prove an equitable title in the defendant superior to the title asserted by the plaintiff is admissible.

Error from Butler district court; C. W. SHINN, judge. Opinion filed October 15, 1900. Reversed.

*Buck & Spencer*, for plaintiff in error.

*Redden & Kramer*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This is an action in ejectment commenced on December 7, 1897,. by Edward Jeakins against N. F. Frazier, to recover the possession of an undivided one-fourteenth interest in 480 acres of land situate in Butler county, and to recover certain rents and profits. The answer, besides a general denial and an admission that at the commencement of the action the defendant was in possession of the land described in the petition, pleaded estoppel by conduct on the part of the plaintiff to claim any interest in the property, and also estoppel by record, the facts upon which .the alleged estoppels rested being set forth at great length. It averred that in March, 1886, the plaintiff orally agreed to sell to one Parmilly Scheel (who, with her husband, Carl Scheel, on November 24, 1894, conveyed the said land to Frazier) all his interest therein, representing the same to be an undivided one-half interest ; that such land was the

*Petition for order to certify to supreme court filed November 10, 1900.—REP.

estate of the plaintiff's wife, Serena J. Jeakins, who died in 1883, intestate, leaving six children; that on May 13, 1886, pursuant to the said oral agreement, Jeakins conveyed his interest in the land to Parmilly Scheel, the deed describing such interest as an undivided one-half interest; that subsequently three of the plaintiff's adult children conveyed their interests in the land to Parmilly Scheel by separate deeds, and another adult child conveyed his interest to one George W. Smith, who soon thereafter deeded such interest to Mrs. Scheel; that several years later the two minor children of the plaintiff, by proceedings in the probate court, through their guardian, the said Mrs. Scheel, who was a sister of the plaintiff's deceased wife, conveyed their interests to Carl Scheel, each interest being described in the guardian's deed as an undivided one-sixth; that some of the deeds made by the adult children described the interest conveyed as undivided one-sixths; and that thereafter Parmilly Scheel and Carl Scheel conveyed by deed of warranty the entire tract to Frazier, who thereupon entered into possession of the same.

The plaintiff replied by general and specific denials of the averments of the answer. Each of the aforesaid deeds was duly recorded soon after the date of its execution. The plaintiff's claim to the one-fourteenth interest is based on the fact that long prior to the death of his wife one of their children had died, at the age of two years and six months, and that the plaintiff therefore inherited that child's interest in its mother's estate.

The case was tried to a jury, and the plaintiff proved the conveyance of an undivided half-interest in the land to Mrs. Scheel, the facts concerning the birth and death of the child, the rental value of the land, and

rested his case.    The defendant thereupon produced evidence tending to prove the claims made in the answer as hereinbefore stated ; that for eleven years after the conveyance to Mrs. Scheel the plaintiff wholly abandoned the property and made no claim to any further interest therein ; and that on October 5, 1883, the plaintiff executed a mortgage to Carl Scheel as indemnity to the latter for becoming surety upon the bond of Edward Jeakins and Mary Jeakins as administrators of the estate of Serena J. Jeakins, deceased, the mortgage describing an undivided one-half interest in the land involved in this controversy.    It appears that this mortgage was released on the 19th of the same month.    The court sustained a demurrer to the defendant's evidence, and instructed the jury to find in favor of the plaintiff for the possession of the premises and for the value of the rents and profits thereof to the extent of the plaintiff's interest from March 1, 1895, to December 7, 1897.    The verdict stated the value of the rents and profits to be $123, and judgment was rendered in favor of the plaintiff for that sum and for possession of the property.

Counsel for the defendant in error in their brief say :

"Evidently it is true that not only the plaintiff but Mrs. Scheel and her attorneys were laboring under a mistake of the law, not of fact.  We call attention to the fact that the plaintiff nowhere stated anything about the number of children that had been born to himself and his wife, Serena J. Jeakins, and no question was asked upon that matter.  He misstated no fact whatever.  He perhaps did not know that under the law as it then existed he inherited the interest that the deceased child would have inherited had it survived its mother.  He was no more to blame for not being informed on that pure question of law than were Mrs. Scheel and her attorneys."

And further :

"This was a sale of real estate, and no verbal contract or statement is binding under our statute of frauds. The contract between plaintiff and Mrs. Scheel that was binding upon them was the deed executed between the parties, which was drawn up by the attorneys of Mrs. Scheel. Any statement or agreement that was made verbally between these parties, so far as a conveyance of this real estate is concerned, is a nullity."

We are unable to assent to the foregoing views. In this state the defendant in ejectment is allowed to set up an equitable defense, and ordinarily evidence of all facts and circumstances tending to prove an equitable title in the defendant superior to the title asserted by the plaintiff is admissible. (*Goodman v. Nichols,* 44 Kan. 22, 23 Pac. 957.) It is on this basis that the defense rested. We think the defendant had a right to plead all the facts and circumstances connected with the transaction of sale and purchase between Edward Jeakins and Mrs. Scheel. Jeakins's long delay in asserting the present claim may or may not have arisen from ignorance of his rights as an heir of his deceased child. If he agreed to sell, for a given consideration, his entire interest in the property, as the evidence demurred to tended to prove, and through ignorance of the law, oversight or mistake on his part and on that of his grantee the deed failed to express the entire agreement, it is clear that he was not thereafter entitled to set up any further claim to an interest in the property. In that state of the case the deed would be subject to reformation. Even if it be held that Jeakins was not bound by the mutual mistake of law as to the extent of his title, yet he would be bound by the agreement upon which both he and his grantee acted and in which he apparently acquiesced for so many years.

We think the defense was sufficiently made out by the evidence to require counter-evidence on the part of the plaintiff, and that the court erred in sustaining the demurrer and in rendering judgment for the plaintiff.

The judgment will be reversed and the cause remanded for a new trial.