EUGENIUS ANDERSON v. WILLIAM CANTER AND ELLA CANTER.

No. 717.   ( 63 Pac. 285.)

1. EJECTMENT—*Pleadings — Evidence — Settlement of Dispute.* In an action to recover the possession of land, where the defendant's answer is a general denial, it is not error to permit him to prove by parol evidence that, prior to the beginning of the suit, in order to settle the controversy between the parties respecting the land, they agreed upon a division thereof; that they made conveyances to each other by which they intended to convey the respective tracts according to the settlement; that they moved the division fence accordingly, and that each went into possession of the tract intended to be conveyed; notwithstanding the deeds do not convey the land by reason of an insufficient description.

2. ———— *Limitation of Action—Negotiations for Compromise.* Where the statute of limitations governing actions to recover the possession of lands, being the fourth paragraph of section 10 of the code (Gen. Stat. 1897, ch. 95, § 10; Gen. Stat. 1899, § 4260), begins to run, it will not be suspended by the parties in interest entering into negotiations for a compromise.

3. ———— *Instructions—Imperfect Description in Deeds.* In such action, it is not error for the court to refuse to instruct the jury that the imperfect deeds do not convey the legal title.

4. ———— *Limitation of Action—Payment of Taxes.* It was
not error to refuse to instruct the jury that the defendant could
not avail himself of the statute of limitations unless he had paid
the taxes on the land during the running thereof.

5. ———— *Agreement for Settlement of Boundaries—Equitable
Title.* The court told the jury that if the parties had made a
contract of settlement concerning their dispute about the land
and its possession and had executed the same, and to carry the
same into effect had made and delivered their respective deeds for
portions of the land, they were bound by such agreement of settle-
ment, notwithstanding the deeds did not sufficiently describe the
land to convey the legal title; and that if they so found, their
verdict should be for the defendant. *Held,* not to be error. A
defendant may, in such case, rely upon an equitable title to sus-
tain his possession.

Error from Doniphan district court; R. M. EMERY,
judge. Opinion filed January 1, 1901. Affirmed.

*A. Bowers,* and *W. D. Webb,* for plaintiff in error.
*Albert Perry,* and *A. L. Perry,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : Plaintiff in error sued defendants
in error to recover the possession of a certain tract of
land, alleging title in fee and right of possession. The
answer was a general denial and plea of the statute of
limitations. On the second trial to the court and jury
there was a verdict and judgment for the defendants.
Plaintiff appeals. The tract of land in controversy
was accretion caused by the change of channel of the
Missouri river. The parties to the cause were owners
of different tracts of land surveyed by the government
and originally bounded in part by the meander line of
the river, and the controversy was as to whose land
the tract in controversy was an accretion.

The first error assigned is that the court permitted
the defendants to give oral testimony in regard to an

agreement of settlement between the parties respecting this land, upon the ground that it violated the statute of frauds. The contract proven in this way was an executed one. The controversy existing, the parties got together and agreed upon the boundary line and established it by the construction of a fence and the execution of deeds by the respective parties quitclaiming to each other; so the deeds provided, as they supposed, for a division of the land upon the agreed line. The agreement was carried out, the deeds made and delivered, the fence built, and the parties went into possession of the respective tracts according to the agreement and remained in possession for a number of years. In this there was no violation of the statute of frauds. In support of this ruling of the district court, see *Earnshaw v. Crout*, 23 Kan. 560; *Clayton v. School District*, 20 id. 256; *Wicks v. Smith*, 18 id. 508; *Edwards v. Fry*, 9 id. 417; *Armstrong v. Brownfield*, 32 id. 116, 4 Pac. 185.

The second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error are based upon this same contention, namely, that it was not competent to prove this transaction and introduce the deeds in evidence, notwithstanding the description therein was probably insufficient to convey the land as agreed upon.

The eleventh and twelfth assignments of error are based upon the refusal of the court to give an instruction that the second clause of the answer was not sufficient to present an issue of the bar of the statute of limitations. The answer was, in effect, that the cause of action of the plaintiff, if he had any, had not accrued to him within fifteen years. This is a sufficient plea of the statute of limitations.

The thirteenth assignment of error is that the court

refused to instruct the jury that the statute of limitations would not run as against the plaintiff during negotiations between the parties for a settlement of the controversy. The statute makes no such exception, and the instruction was properly refused.

The fourteenth assignment of error is that the court refused to instruct the jury that the agreement of compromise under which the defendants conceded twenty rods of the land to the plaintiff and deeded the same to him, taking the plaintiff's quitclaim for the remainder of the land in controversy, was such a break in the continuity of the possession of the defendants as precluded them from taking advantage of the fifteen-year statute. The court gave this instruction in substance, though not in the same form, in the thirteenth paragraph of its instructions to the jury.

The fifteenth assignment of error is that the court refused to instruct the jury that the deed made March 13, 1895, pursuant to the compromise heretofore spoken of, did not convey any lands to the defendants, and that they could not hold any land, or any part thereof, under the deed.

The sixteenth and seventeenth instructions are the same in substance. If that deed had been the only evidence of the right of possession relied upon by the defendants, the instruction would have been applicable. But it was not a question as to whether the defendants were entitled to the possession of the land under the deed, but under all the facts and circumstances shown in connection therewith. It was not competent to single out one item of evidence and say the defendants could not recover on that alone.

The eighteenth assignment of error is that the court refused to instruct the jury that the defendants could not successfully resist the claim of the plaintiff under

Anderson v. Canter.

their plea of the statute of limitations unless they had paid the taxes on the lands. We know of no such rule of law applicable to the facts of this case.

The nineteenth assignment of error is that the court refused to instruct the jury that a payment of taxes on the tracts of lands owned by the plaintiff, and to which he claimed the accretion had been made, was a payment of the taxes on the accretions *per se,* and that if the plaintiff paid them during the fifteen years' possession of the defendants, that possession was not exclusive. The evidence in the record does not authorize the instruction, because the proof of payment of taxes was confined to an assessment of the original acres of land and not of any accretions. Nor would the proposition be tenable even if the evidence justified it.

The twentieth assignment of error is that the court refused to give several instructions at the request of the plaintiff. The instructions were given by the court in its charge.

The twenty-first assignment of error is that the court refused to give an instruction requested by the plaintiff. The instruction is not set out in the brief.

The refusal to give the instruction, the basis of the twenty-third assignment of error, is without merit, . as the court gave it to the jury in its own charge. The same is true of the twenty-fourth, twenty-fifth, twenty-sixth and twenty-seventh assignments of error.

The twenty-eighth and twenty-ninth assignments of error are that the court misdirected the jury, first, in telling them that to constitute adverse possession of land, so as to bar an action for its recovery, the possession must be actual, open, continuous, and exclusive. The plaintiff had requested the court to give this instruction in three different forms, and now ob-

jects to the court giving it.  It was not error.  Again,
it is said that the court erred in saying to the jury that
if it found from the evidence that, on the date named
therein, the plaintiff and the defendants, for the pur-
pose of settling their respective rights to these accre-
tions, agreed to adjust their differences by the
defendant and his wife deeding to the plaintiff a
strip twenty rods wide on the west side of the
tract, and the plaintiff and his wife executing to
the defendants a quitclaim for the remainder of
the tract, and that, in pursuance of that agreement,
they did execute and deliver to each other the deeds,
which they supposed carried out their intentions, such
deeds, although defective in form, were available to
the parties as muniments of title and estopped each
from claiming title to the land conveyed to the other.
This is simply saying that parties are bound by their
agreements carried into execution in settlement of
differences existing between them.   There can be
no doubt about the correctness of this proposition.
Again, plaintiff says that the court erred in saying to
the jury that if they find from the evidence that such
deeds were executed and delivered in pursuance of
such agreement, and the parties staked out the line
between their lands as agreed upon, and that Canter
then moved his fence to the line so agreed upon, and
the parties since said time have occupied up to the
fence, recognizing it as the correct line between them,
each is estopped from claiming the land of the other,
and such line and fence bound the possessions of the
respective parties, and the jury in such case should
find for the defendant.   This is a repetition of the
instruction, with the addition, however, that the par-
ties had carried their agreement into execution by the
establishment of the line, the building of a fence, and

the recognition thereof for a number of years ; that is, if the parties, having a difference about the true line of division between their respective lands, make a contract of settlement, and execute the same and abide by it a number of years, then neither party is at liberty to repudiate it at pleasure.   This is not only good morals but good law.

The other instruction complained of was to the effect that the plaintiff could not rescind this agreement without putting the defendants in *statu quo*, claiming that the same was induced by the fraudulent representations of the defendant.   This was not error.

The thirtieth assignment of error is that the court denied the plaintiff's motion for judgment upon the special findings of fact.   This is based upon the contentions heretofore noticed, and they having failed this must likewise fail.

The remaining contention is that the court denied the plaintiff's motion for a new trial.   In this, plaintiff relies upon his preceding assignments of error. There having been no prejudicial error committed by the court that would warrant it in granting the plaintiff a new trial, the motion was properly overruled, and the judgment must be affirmed.