## ROWSEY v. JAMESON *et al.*

No. 4365.    Opinion Filed May 25, 1915.

(149 Pac. 880.)

1.  **EJECTMENT—Issues—General Denial.** Where the plaintiff brings ejectment, under section 6122, Compiled Laws 1909, the defendant, under section 6123, under general denial, may make any defense, legal or equitable, that would strengthen his own title or defeat his adversary's.

2.  **APPEAL AND ERROR—Questions Presented—Assignment of Error.** An assignment of error that "the court erred in overruling the motion for a new trial" is sufficient to review all the questions raised in the motion for a new trial.

3.  **VENDOR AND PURCHASER—Bona Fide Purchaser—Notice—Possession.** J. owned 80 acres of land, 40 acres of which was his homestead allotment, on which he lived. In March, 1904, he leased said premises to R. and others, for a term of five years, for a cash rental, paid in advance. In December, 1904, he conveyed 40 acres of said premises, exclusive of the homestead, by general warranty deed, to a trust company, which deed was duly recorded. In April following, the trust company, for a valuable consideration, conveyed said forty acres to R. In the meantime, J. remained in possession of his residence on said homestead, and was in possession thereof on the date of the deed from the trust company to R. **Held,** possession of J. was not notice to R. as to any right claimed by J. in the 40 acres.

(Syllabus by Dudley, C.)

*Error from District Court, Wagoner County;*

*R. C. Allen, Judge.*

Action by W. E. Rowsey against Lewis Jameson and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Geo. D. Rodgers* and *Chas. L. Cunningham,* for plaintiff in error.

*Jess W. Watts, Charles G. Watts,* and *Alvin F. Molony,* for defendants in error.

'DUDLEY, C. ' This is an appeal from the district court of Wagoner county. On April 5, 1909, the plaintiff in error, hereinafter referred to as the "plaintiff", commenced this action in the district court of Wagoner county, against the defendants in error, hereinafter referred to as the "defendants," to recover possession of 40 acres of land, and damages for the wrongful and unlawful possession thereof. The petition is the regular statutory form in ejectment, under section 6122, Compiled Laws of Oklahoma, 1909, in force at the time the suit was instituted. The defendant Calvin Henderson filed a disclaimer, and the defendant Lewis Jameson filed an answer, in the nature of a general denial, admitting that he was in possession of said real estate and premises at the time the suit was instituted, but claiming that he was the lawful owner and entitled to the possession thereof. The issues were joined and the case tried to the court and jury, resulting in a judgment in favor of the defendant Lewis Jameson, from which the plaintiff has appealed, making the two defendants below defendants in error here.

The facts, as disclosed by the record, applicable to the questions presented, in substance, are: The defendant Lewis Jameson is a Creek freedman, and as such the 40 acres in controversy, together with his homestead adjoining it, consisting of 40 acres, were allotted to him. On March 19, 1904, he executed a lease on this 80 acres to W. N. Patterson, W. E. Rowsey (the plaintiff in error here), and Levi Ackley, for a term of five years, beginning March 1, 1904, for a cash rental, which was paid. The lessees, through their tenants, went into possession of said premises and used the same for the years 1904, 1905, 1906, and 1907. The defendant lived in his residence upon his homestead at the time the lease was executed, and continued to do so during these four years. There is no fence between the two forties, and it appears that the residence is located partly on the 40 acres in controversy. Early in 1908 he took possession of the 40 acres in controversy, and has ever since remained in possession thereof.

In December, 1904, the defendant Lewis Jameson and his wife, for an express consideration of $1,000, executed and delivered to the Bradley Realty, Bank & Trust Company a general warranty deed, with relinquishment of dower, conveying the 40 acres in controversy, and other lands. This deed was immediately placed of record, and following this and on April 13, 1905, said trust company, for an express consideration of $1,000, conveyed the 40 acres in controversy, by general warranty deed, to the plaintiff, W. E. Rowsey. This deed was also made a matter of record, shortly after its execution and delivery, and is the basis of plaintiff's title.

On the trial of the case, the defendant Lewis Jameson admitted the execution of the deed to the trust company, but claimed that he did not intend to include the land described therein, but, as a matter of fact, intended to include other lands, and that the deed, as a matter of fact, was a mortgage given to secure a loan of $100. He introduced evidence tending to substantiate this state of facts. To this evidence, the plaintiff objected, claiming that it was incompetent under the pleadings. The trial court held it competent, and its action in so doing is properly presented here.

There is no evidence tending to show, and in fact it is not claimed that the plaintiff Rowsey knew or had any knowledge that the deed from the defendant Lewis Jameson to the trust company was, as a matter of fact, a mortgage, at the time the trust company conveyed the 40 acres in controversy to him. The defendant Jameson, however, does contend that he was in possession at the time the plaintiff took the deed, and that this fact was sufficient notice to put him upon inquiry.

This action was brought under section 6122, Compiled Laws 1909, which is as follows:

"In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition, that he has a legal or equitable estate therein, and is entitled to the possession

thereof, describing the same, as required by section 5667, and that the defendant unlawfully keeps him out of the possession. It shall not be necessary to state how the plaintiff's estate or ownership is derived."

The answer was filed under section 6123, *Id.*, which is as follows:

"It shall be sufficient in such action, if the defendant in his answer, deny, generally, the title alleged in the petition, or that he withholds the possession, as the case may be, but if he deny the title of the plaintiff, possession, by the defendant, shall be taken as admitted. Where he does not defend for the whole premises, the answer shall describe the particular part of which defense is made."

These sections of our statute are identical with sections 595 and 596, c. 80, Dassler's Compiled Laws of Kansas 1885, and in fact were adopted from the Kansas Code. *Laughlin v. Fariss,* 7 Okla. 1, 50 Pac. 254. They had been construed many times by the Supreme Court of Kansas, prior to their adoption, and in adopting them we adopted the construction placed thereon by the Supreme Court of Kansas. Under section 6122, *supra,* as construed by the Supreme Court of Kansas, prior to its adoption here, the plaintiff was not required to deraign his title. *Delashmutt v. Parrent,* 39 Kan. 557, 18 Pac. 712; *Baker v. Sears,* 2 Kan. App. 620, 42 Pac. 501.

This court, in the case of *Shellenbarger v. Fewel,* 34 Okla. 79, 124 Pac. 617, followed the construction placed upon this section by the Supreme Court of Kansas, and held that:

"Under section 6122, Compiled Laws 1909, the plaintiff, in an action for the recovery of real estate, is not required to deraign his title with particularity."

Under section 596, *supra,* of the Compiled Laws of Kansas, being the same as section 6123, *supra,* Compiled Laws 1909, the Supreme Court of Kansas repeatedly held, prior to its adoption

here, that the defendant, under a general denial, could make any defense, legal or equitable, that would strengthen his own title or defeat his adversary's, in the same manner and to the same extent as he could do if the facts were set out with all the circumstantial minuteness and fullness of detail that they usually are in equitable actions. *Stout v. Hyatt,* 13 Kan. 232; *Wicks v. Smith,* 18 Kan. 515; *Smith v. Hobbs,* 49 Kan. 800, 31 Pac. 687; *Frazier v. Jeakins,* 9 Kan. App. 850, 62 Pac. 354; *Hall v. Dodge,* 18 Kan. 277; *Clayton v. School District,* 20 Kan. 256; *Armstrong v. Brownfield,* 32 Kan. 116, 4 Pac. 185. This same construction has been placed upon this statute by the Supreme Court of Kansas, since its adoption here. *Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595, 21 Ann. Cas. 1241; *Pope v. Nichols,* 61 Kan. 230, 59 Pac. 257; *Adam et al. v. Johnson,* 65 Pac. 662; *Rauer v. Thomas,* 60 Kan. 71, 55 Pac. 285; *Thayer v. Schaben et al.,* 79 Kan. 856, 98 Pac. 1134; *Anderson v. Canter et al.,* 10 Kan. App. 167, 63 Pac. 285.

In the case of *Rauer v. Thomas, supra,* it was held that it was competent, under a general denial, to show that the deed relied upon was made with intent to defraud creditors, or that it was made to secure a debt, and not to pass title, and in the case of *Pope v. Nichols, supra,* it was held competent, under general denial, to show that the deed and bond, the basis of the title, were in fact given as security for money, and not for a conveyance, on the recovery of the land. These two cases are squarely in point on the question as to the competency of the evidence offered by the defendant in the instant case, to the effect that the deed was, as a matter of fact, a mortgage and not a conveyance. All the Kansas authorities upon this question are collected and cited in Dassler's Kansas Civil Code, Annotated, 1913, sec. 1976.

The plaintiff, in his petition, followed section 6122, *supra,* did not deraign his title, but merely alleged, generally, that he was the owner and entitled to possession of the premises in controversy. If he had deraigned his title, so that the defendant could have

known the basis of his alleged ownership, then it might have been necessary for the defendant to specially plead that the deed relied upon was a mortgage; but, since the plaintiff invoked the statute specifically having reference to actions in ejectment, the defendant had a right to follow the next section, which provides that he may deny, generallly, the title alleged in the petition, etc. If, as a matter of fact, the deed relied upon by the plaintiff was a mortgage, or did not contain the land in controversy, then the defendant would not be expected to presume that the plaintiff was basing title thereon, and hence would not be required to allege a state of facts which would defeat recovery, based upon said deed, because to do so would anticipate the source of the plaintiff's title, which the defendant is not required to do under these two statutes; and he certainly would not be required to set forth a state of facts which would defeat the plaintiff's title, unless the plaintiff, in his petition, saw fit to deraign his title. These two statutes are as fair to one as the other, and, since the plaintiff invoked the statute, he cannot complain that the defendant answered under it.

In the case of *Taylor v. Danley et al., supra,* Mr. Justice Smith, speaking for the court, ably discusses the effect of these two sections of the statute, and the rights of the respective parties thereunder, wherein he said:

"The only question that remains is whether appellant Danley could avail himself of the statute of limitations to the plaintiff's cause of action under a general denial, and without especially pleading it. Generally it is a well-established rule that, unless a petition shows on its face that the cause of action is barred by the statute of limitations, a defendant cannot avail himself of the statute without especially pleading it. In actions of ejectment there is much contrariety of opinion in different states as to whether the general rule applies. Our statute (section 619, Code [Gen. St. 1909, sec. 6214]) provides what is necessary to plead in the petition, and in section 620 of the Code [section 6215] what shall be necessary in the answer. Where a petition, as in this case, barely alleges, as required by statute, that the

plaintiff is the owner of the land in question, is entitled to the possession thereof, and that the defendant unlawfully keeps her out of possession, the defendant cannot, without more fully setting forth the plaintiff's cause of action than is stated in the petition, plead the statute of limitations thereto. For instance, in this case defendant Danley, to interpose this defense, would be required to allege that the plaintiff's title is based upon a tax deed, the date it was issued, that she had not been in possession of the land, and that he (the defendant) had been in adverse possession thereof more than two years. The defendant cannot be presumed to know upon what the plaintiff bases the cause of action except from the petition, and any rule that would require the defendant to set forth the plaintiff's cause of action more fully than does the petition would seem absurd."

And again he said:

"In accord with what seems to be the weight of authority, and also in accord with good reasons, based upon the very necessities of the case, we hold that, where a petition and an answer in an action of ejectment are such only as are required by sections 610 and 620 of the Code of 1909, either party under such pleading may prove any fact which would tend to strengthen his own title or to defeat that of his adversary, to the same extent as if the facts were fully pleaded."

And further:

"It was the clear intendment of the framers of the Code that such pleadings (referring to the petition and answer in ejectment) should answer in all cases of this nature. The defendant may not be informed of the nature of the plaintiff's claim of title, and is not required specifically to state any defense he may have thereto; he is only limited in this, that if he deny the plaintiff's title he must admit that he has the possession. Under such pleadings, either party may prove any fact which tends to establish his own right or defeat the claims of his adversary, and either party may be confronted with proof of facts of which he was wholly unadvised by the pleadings."

We therefore conclude that the trial court committed no error in permitting the evidence complained of to be introduced.

It is next contended that the evidence absolutely fails to show that the plaintiff, at the time he purchased the 40 acres in controversy from the trust company, had any knowledge that the deed from the defendant to the trust company was a mortgage. The defendant insists that this question cannot be considered, because not properly presented for review here. We cannot agree with him. Subdivisions 3 and 4 of plaintiff's motion for a new trial are:

"(3)   The verdict was contrary to the law and the evidence. (4)   The verdict was not sustained by sufficient evidence."

The motion for a new trial was overruled, and the plaintiff, in his petition in error, assigns this as error, and under this assignment of error all questions raised in the motion for a new trial may be reviewed here. *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944; *Hodge v. Alexander,* 145 Pac. 809.

There is no evidence in the record tending to show that the plaintiff had any actual knowledge of the fact that the deed to his grantor was, in fact, a mortgage, and unless the defendant's possession of the premises, as disclosed by the record, was sufficient to put him upon notice, then he had none, and the judgment of the trial court should be reversed.

The lease, as before stated, covered the 40 acres in controversy and the 40 acres constituting the homestead of the defendant. During the first four years of this lease, the lessees, through their tenants, were in possession of the leased premises, except that the defendant occupied the residence on his homestead. The lease was executed March 19, 1904, and in December following the lessor, the defendant, conveyed the 40 acres in controversy to the trust company. This deed is regular upon its face, was duly recorded, and purports to pass absolute title to the grantee. On April 13, 1905, said trust company, the defendant's grantee, for a valuable consideration, conveyed the 40 acres in controversy, by general warranty deed, to the plaintiff.

Assuming, without deciding, that the defendant remained in possession of the premises conveyed, would this fact be notice to the plaintiff, a subsequent purchaser for value? We do not think so. There are two distinct rules with reference to this question, one holding that the continued possession of the grantor is notice, on the theory that possession is inconsistent with the record title, and the other holding that continued possession is not notice, on the theory that he is holding under the grantee, without any right therein. These two rules are fully discussed, with citation of authorities supporting each, by Pomeroy, in his work on Equity Jurisprudence, vol. 2 (3d Ed.) sec. 617, and Devlin on Real Estate, Deeds (3d Ed.) vol. 2, secs. 761-763. The territorial Supreme Court, in the case of *Smith et al. v. Phillips,* 9 Okla. 297, 60 Pac. 117, followed the rule holding that continued possession is not notice, wherein it was said:

"It is the general rule that open, notorious, unequivocal, and exclusive possession of real estate under an apparent claim of ownership is notice to the world of whatever claim the possessor asserts, but that this rule does not apply to a vendor remaining in possession, so as to require a purchaser from his grantee to inquire whether he had any interest in the land conveyed."

The rule announced by the territorial Supreme Court was followed and approved by this court in the case of *Flesher v. Callahan et al.,* 32 Okla. 283, 122 Pac. 489, wherein it was said:

"By the execution and delivery of a deed in general terms, the entire legal interest in the premises vests in the grantee; and, if the grantor continues in possession afterwards, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee; and nothing short of an explicit disclaimer of such a relation and a notorious assertion of right in himself will be sufficient to change the character of his possession."

See, also, *Wood et al. v. French,* 39 Okla. 685, 136 Pac. 734;

*McNeil v. Jordan et al.,* 28 Kan. 7; *Sellers et al. v. Crossan,* 52 Kan. 570, 35 Pac. 205; *Hockman et al. v. Thuma et al.,* 68 Kan. 519, 75 Pac. 486; *Summers v. Sheern* (Tex. Civ. App.) 37 S. W. 246; note 2, subd. "a," *Garbutt v. Mayo,* 13 L. R. A. (N. S.) 117.

Chief Justice Horton, speaking for the Supreme Court of Kansas, in the case of *McNeil v. Jordan, supra,* discussing this question, said:

"A purchaser from the grantee of the party in possession need not inquire whether such party has reserved any interest in the land conveyed. So far as the purchaser is concerned, the actual occupant's deed is conclusive upon that point. The object of the law in holding possession constructive notice is to protect the possessor from the acts of others who do not derive their title from him, not to protect him against his own acts, not to protect him against his own deed. Therefore, where a grantor executes and delivers a deed of conveyance to go upon record, he says to the world: 'Though I am yet in the possession of the premises conveyed, it is for a temporary purpose, without claim of right, and merely as a tenant at sufferance of my grantee.'"

The defendant contends that the facts and circumstances with reference to the execution and recording of his deed were notice. We do not think so. The defendant signed a deed on April 22, 1904, and it was recorded on the following day. His wife did not join with him in the execution at that time, but later, and on December 1, 1904, she joined in the deed, and then the deed was re-recorded, on December 2, 1904. We think these facts show a purpose and intent upon the part of the grantors to convey title.

Defendant also contends that the laws of Arkansas control as to the question of notice by continued possession of the grantor. This is true. He further claims that under the statutes of Arkansas, as construed by the Supreme Court in the case of

*Turman v. Bell et al.,* 54 Ark. 273, 15 S. W. 886, 26 Am. St. Rep. 35, the continued possession of the grantor was constructive notice. We have read this case, and it holds:

"Open and notorious possession of lands by the grantor in a warranty deed, from the date of his deed for a considerable length of time, is sufficient notice to subsequent purchasers or mortgagees to put them on inquiry as to the rights of the occupant."

The defendant had only been in possession of the residence on the homestead a little more than four months from the date of his deed, at the time plaintiff purchased. This length of time was not sufficient to put the plaintiff upon notice, considering the character of possession which the defendant had. This question has been before the Supreme Court of Arkansas in several cases, among which are: *City of Stuttgart v. John,* 85 Ark. 526, 109 S. W. 541; *Morgan v. McCuin et al.,* 96 Ark. 512, 132 S. W. 459; *American Building & Loan Ass'n et al. v. Warren,* 101 Ark. 163, 141 S. W. 765.

In the case of *City of Stuttgart et al. v. John, supra,* it was held:

"Where a vendor, after having executed a deed, remains in possession,    *    *    *    he is presumed to hold in subordination to the title conveyed, unless there is affirmative evidence of a contrary intention."

And in the case of *Morgan v. McCuin et al., supra,* it was said:

"A vendor who remains for a short time in possession of the conveyed premises is presumed to hold subordinate to the title conveyed, in absence of affirmative evidence of a contrary intention, though long-continued possession by him implies possession as of right."

In the case of *American Building & Loan Ass'n v. Warren, supra,* it was said:

"If the grantor went into possession of the property after the execution of the deed, then the rule that the presumption arises that he holds such possession by sufferance only of the grantee will not obtain. Such presumption only arises where the grantor was at the time of the execution of the deed in actual possession of the alienated property, and continues in possession thereof. His acts of conveyance and of possession are contemporaneous, and it will be presumed that the two are not inconsistent, and that the possession is therefore in subordination to the grant. On this account, it is held that, when the grantor retains and continues in actual possession at and after the execution of the conveyance, he does so, not in opposition to the title he has made to the grantee, but in recognition of that title and by sufferance of the grantee. The reason for this presumption is that by his warranty deed the grantor declares to all who may deal with the property that he has parted with all his rights to the title and every interest therein."

When the defendant conveyed said premises to the trust company, the lessees became its tenants. .The defendant was not in the actual, exclusive possession of the 40 acres in controversy at the time the plaintiff purchased from his grantee. We therefore hold that the defendant's possession, as disclosed by the record, was not notice to the plaintiff.

There is no dispute but that the plaintiff actually paid $750 for this land. The defendant, by his deed, made it possible for the plaintiff to purchase the land, and, having done so, as between the two, he should lose.

We therefore think the judgment of the trial court should be reversed and remanded.

By the Court: It is so ordered.