## KLAUS v. CAMPBELL-RATCLIFF LAND CO.

No. 4369.   Opinion Filed July 6, 1915.

(150 Pac. 676.)

1.  INFANTS—Sale of Lands—Jurisdiction.   The county court, hav-ing acquired jurisdiction of the estate of a minor, may order the sale of lands of said minor lying and situated in another county in the state (following **Dewalt v. Cline,** 35 Okla. 197, 128 Pac. 121).

2.  INDIANS—Sale of Allotment—Marriage of Minor.   The mar-riage of a minor Cherokee Indian does not confer upon him the authority to sell his allotted lands independent of the supervision of the county courts of the state (following **Jefferson v. Winkler,** 26 Okla. 653, 128 Pac. 755).

3.  APPEAL AND ERROR—Finding of Fact—Age of Grantor—Evidence.   Where the paramount issue under the pleadings is the minority of the vendor at the time of the execution of a deed, and no competent evidence is offered showing the age of such vendor, and the trial court finds that the defendant wholly failed to prove his minority, this court will not disturb the judg-ment.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Mayes County;*
*Preston S. Davis, Judge.*

Action by the Campbell-Ratcliff Land Company against Chris Klaus.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Campbell Wilson,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.

Opinion by RITTENHOUSE, C.   Nealy Martin, a minor Cherokee freedman residing in Craig county, Okla., was allotted the S. W. ¼ of the N. W. ¼ of the S. E. ¼ of section 20, and the S. ½ of the S. E. ¼ of the N. E. ¼ of section 29, township 23 N., range 18 E., which land is

located in Mayes county, Okla.  On May 16, 1908, Nealy Martin and his wife executed and delivered a warranty deed to said premises, purporting to convey the same to the Campbell-Ratcliff Land Company, a corporation.  On March 4, 1908, Nealy Martin executed to Chris Klaus an agricultural lease to the lands in question for the period of five years, which was not approved by the court.  Under this lease Klaus went into possession.  On December 31, 1908, Mike Martin, who was the duly appointed, qualified, and acting guardian in Craig county, Okla., for Nealy Martin, executed under order of the court an agricultural lease to Abe Schultz for a period of five years, which lease was assigned to Chris Klaus for a valuable consideration in March, 1909.  Klaus had entered into possession of the said land under the lease of March 4, 1908, and continued in possession by virtue of the two leases until September 7, 1910, when he acquired title to said premises by virtue of a guardian's deed through the county court of Craig county, Okla., in which county both guardian and ward resided.

Upon the trial of this case the court found that the lands in question were situated in Mayes county, Okla., and the guardian appointed, lands sold, and sale confirmed in Craig county, Okla.; that the lease in question was also made by the guardian appointed in Craig county and approved by the county court of Craig county; and that the proceedings had in said guardianship matter were without and beyond the jurisdiction of the county court of Craig county as to probate matters.  The court further found that the proceedings, sale, confirmation thereof, and deed and leases made, approved, and confirmed by the county court of Craig county were null and void, and conveyed no title to defendant.

It is unnecessary for this court to go into an extensive discussion of the question as to whether the county court, having acquired jurisdiction of the estate of a minor, may order the sale of land of said minor lying and situated in another county in the state, as this question has been finally determined in the case of *Dewalt v. Cline,* 35 Okla. 197, 128 Pac. 121, and on authority of that case we hold that the court erred in its finding.

The court found that the defendant had wholly failed to establish the minority of Nealy Martin. In order to pass upon the question raised, it is necessary to investigate the condition of the pleadings. The action is one of ejectment. The defendant filed a general denial, together with the allegation of the minority of Nealy Martin. Reply was filed, in which it was alleged that Nealy Martin represented himself to be 21 years of age, and was in fact of legal age, and was a married man. This court held in *Jefferson v. Winkler,* 26 Okla. 653, 110 Pac. 755, in dealing with a minor of the Creek Nation, that a minor includes males under the age of 21 and females under the age of 18 years, and the marriage of such minor does not confer upon him or her the authority to sell his or her allotted land independent of the jurisdiction and supervision of the probate courts of the state.

But, independent of this question, it is unnecessary for us to pass upon the sufficiency of this reply, as the allegation of the minority of Nealy Martin is not new matter, but could be proven under general denial. *Rowsey v. Jamison et al.,* 46 Okla. 780, 149 Pac. 880. It is apparent from an examination of the record in this case that the question of the minority of Nealy Martin was recognized by the parties to be the paramount issue at the trial of this cause. It was put in issue by the de-

fendant. No competent evidence was offered showing such minority, and, that being the sole defense, the court properly found that the defendant had failed to prove the minority of Nealy Martin at the time of executing the deed to Campbell-Ratcliff Land Company.

The cause should, therefore, be affirmed.

By the Court: It is so ordered.