KANSAS PACIFIC RAILWAY CO. v. ROBERT MCBRATNEY.

1. EJECTMENT; *Judgment, upon Disclaimer.* Where in an ejectment suit defendant files an answer disclaiming all right, title, interest and possession in the premises, judgment should be entered on the pleadings in favor of the plaintiff.

2. COSTS, *on Disclaimer.* In such action the defendant will recover his costs, unless for special reasons the court decide otherwise.

3. ISSUE; *Immaterial, to be Disregarded.* When the first paragraph of an answer contains a disclaimer of both title and possession, and the second alleges that a third party has both title and possession, this last paragraph may be disregarded as immaterial, and tendering no issue.

*Error from Leavenworth District Court.*

McBRATNEY brought ejectment for 640 acres of land, through which the *Railway Company's* railroad was constructed and operated. The questions decided in this court turn upon the pleadings, which are fully stated in the opinion. The action was tried in the district court at the May Term 1871. Judgment was given in favor of *McBratney* for the possession of all said land (except so much thereof as is occupied by the railroad of the defendant and the right of way through said land 100 feet in width,) and for costs of suit; and the *Railway Company* brings the case here on error.

*J. P. Usher,* for plaintiff in error:

The intention of the answer was to notify the plaintiff, who was the real party in interest, and to disclaim that the defendant had either title or possession. It is fairly stated, and no one could be deceived by it. The plaintiff, instead of availing of the effect of the disclaimer, which would have permitted him to take possession of the premises without any hindrance from the defendant, and so accomplish the object of his suit, if the defendant was in the possession, elected to reply. This was irregular and vexatious, and justly exposed the plaintiff to costs which ought to have been adjudged against him.

Story's Eq. Pl., § 841; Cooper, 310; 1 Daniel's Ch. Pr., 788; 1 Hare, 310. If the defendant disclaims, and it appear that the bill was exhibited for vexation only, the court will dismiss the bill with costs against the plaintiff.

The evidence establishes the truth of the second paragraph of the defendant's answer. The court found that Usher was in possession at the time the suit was brought, but refused to find whether or not he was in possession as a purchaser. Besides this it was in the proof that McBratney had once brought a suit against Usher for the land. He therefore knew that Usher was in possession, and moreover he sought to avoid the effect of his possession in his reply by affirming that Usher had notice before his purchase of his alleged equitable title. But one conclusion is to be reached from all this, and that is, that McBratney well knew at the time of bringing his suit against the Railway Company, that it had parted with all its claim to the lands, and was not in the possession of them. By the law then the suit should have been dismissed at his costs, not only because the suit was vexatious, but because the statute and the practice and usage required it; (code, § 587.) That the rules in equity apply, see code, § 727; and 10 Paige, ch. 105, and cases cited. If, instead of replying, McBratney had yielded and allowed the rules of practice to take their due course, the defendant would have been estopped by its pleading to allege or assert title or possession of the premises against him. What was the use or necessity, or how could there be a trial upon an answer by the defendant that it had neither title nor possession of the premises? There was no issue to try. If Usher had either title or possession his right could not be tried in the action against the Railway Company.

The code being silent upon the subject of disclaimers, except as to costs, it was supposed at the time of pleading that a disclaimer good by the common law, would be good in Kansas, and we believe we were not mistaken. It was error to try the cause upon the merits, and give judgment for the defendant in error for the land and for costs.

*Clough & Wheat,* and *Griswold & Britton,* for defendant in error:

McBratney was entitled to judgment on the pleadings. The company, in its answer, disclaimed both title and possession, and failed to deny any allegation contained in the petition. A disclaimer is not a denial. If the answer is such a disclaimer as is referred to in § 587 of the code, then of course McBratney should have had judgment for the land, and the company for its costs; therefore, if said answer is *such* a disclaimer, we suppose there can be no question but that the entire section of land should, by this court, be adjudged the property of McBratney, without giving or preserving to the company any right of way through or over the same, or any part thereof. But if it be not *such* a disclaimer as is referred to in said § 587, then the company would not be entitled to costs. As to what is a disclaimer, see Daniel's Ch. Pl. and Pr., 787; Story's Eq. Pl., §§ 838 to 844.

These authorities and the cases by them referred to, show that the company was not entitled to costs, because of the statements contained in the second subdivision of the answer. Still, as none of the allegations in the petition were denied, the petition was to be taken as true. 8 Kas., 416; 21 Barb., 190; 19 Barb., 219; 13 How. Pr., 14; 18 B. Monroe, 60. And if we are right in claiming that the petition should be taken as true, it of course follows that McBratney should have had judgment for all the land: Code, § 411.

In this connection we refer to § 596 of the code, from which we see that if the company, by its answer, denied the title of McBratney, it by such denial admitted itself to be in possession. And the company has nothing to complain of, because to the extent of the matter about the right-of-way, the judgment rendered by the district court was more beneficial to the company than it was entitled to.

The opinion of the court was delivered by

BREWER, J.: The action below was one in ejectment brought by defendant in error against plaintiff in error to

recover possession of a section of land in Leavenworth county. The petition was filed Sept. 14th 1870, and was in the ordinary form, alleging title in plaintiff, and that the defendant unlawfully kept him out of possession. The answer contained two paragraphs. The first was as follows: "This defendant disclaims any and all right, title, interest and possession of the premises, piece, and parcel of land in the petition mentioned and described." The second alleged substantially a transfer by defendant of all interest in the land in 1865 to Shoemaker & Co., a sale by Shoemaker & Co. in 1867 to John P. Usher, and that the latter ever since and still held both possession and title. To this answer plaintiff filed a reply, containing first, a general denial, and second, an allegation of a sale to plaintiff in 1862, and that said Usher had full knowledge of the same prior to 1865. Upon these pleadings a trial was had, evidence received, findings of fact and conclusions of law made by the court, and judgment rendered. The court found the title in the plaintiff, and the possession in Usher, except as to the road-bed of the railroad company. All this, except the judgment, was irregular and unnecessary. Under the pleadings the plaintiff was entitled to a judgment for possession; and the only question was, whether the defendant should recover costs on its disclaimer. The pleadings substantially amount to this: "I have the title, and you the possession." "I have neither title nor possession; Usher has both." As between plaintiff and defendant in an ejectment suit there was nothing to try.

The second paragraph of the answer does not avoid the effect of the disclaimer in the first. It alleges that which is immaterial to this action. If defendant claims neither title nor possession, it makes no difference to it who has. McBratney and Usher may wrestle over title and possession to their hearts' content, and the defendant is not affected by the result. It follows therefore, that the findings of fact and conclusions of law are superfluous, and that the time of the court was unnecessarily occupied in the hearing of testimony. Both parties are at fault. The plaintiff filed a reply, and

offered testimony, as though the issue of title was to to be tried. Defendant objected to the testimony, not on the ground that there was nothing to try, or that the only question to be settled was one of costs, but on the ground that the petition did not state facts sufficient to constitute a cause of action. As the petition follows the code, (§ 595, p. 747, Gen. Stat.,) this objection was properly overruled. Sec. 587 of the code provides that "where defendants disclaim having any title or interest in land or other property the subject-matter of the action, they shall recover their costs, unless for special reasons the court decide otherwise." We shall not decide the question of costs upon this record, for the proceedings in the district court have been on the assumption that there was an issue to be tried, and we see nothing in the record to justify us in changing the rule laid down in the statute. There may be abundant reasons however for compelling the defendant to pay the costs of this litigation, and the plaintiff should not be cut off from an opportunity of showing such reasons. The case will therefore be remanded to the district court with instructions to set aside the findings of fact and conclusion of law, and to modify the judgment so as to give to the defendant a judgment for costs, unless within such reasonable time as the court shall fix, special reasons to the contrary shall be shown. The judgment for possession in favor of the plaintiff will not be disturbed. The costs in this court will be divided.

All the Justices concurring.