# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1875.

PRESENT:

HON. SAMUEL A. KINGMAN, CHIEF JUSTICE.
HON. DANIEL M. VALENTINE, } ASSOCIATE JUSTICES.
HON. DAVID J. BREWER,

OWEN DUFFEY, et al., v. HATTIE M. RAFFERTY.

EJECTMENT; *What Right or Title Sufficient.* In an action in the nature of an action of ejectment, in Kansas, the plaintiff may recover, if he has any right to the property, and if that right is paramount to any right to the same possessed by the defendant, although the legal title to the property may be outstanding in some third person, and although some third person may have a better right to the property than the plaintiff.

*Error from Leavenworth District Court.*

ACTION by *Mrs. Rafferty* as plaintiff, to recover possession of a certain lot in the city of Leavenworth. ᐧ The facts are fully stated in the opinion. The plaintiff had judgment for the recovery of said lot, at the November Term 1872, and the defendants bring the case here on error.

*Clough & Wheat,* for plaintiffs in error, contended that the facts found by the court were not sustained by the evidence. That the deed from Russell and wife to Wm. R. Oliver was void, because of said Oliver's previous death — and they cited 12 Cal., 363, 376; 12 Peters, 264; 20 Wend., 44; 1 Ohio St., 390; 44 N. H., 268; 15 Iowa, 103; 20 Ind., 389; 5

2—15 KAS.

Wallace, 86; 10 Howard, 373; 12 Ill., 136 — claiming from said cases that there did not any equitable right pass by said deed, that it takes the consent of a living person for equitable rights to pass, and that it is absurd to say that any rights pass by a void instrument. They also claimed that the proceedings of the town company were void, and that Stevens never obtained any title to said lot 27, (2 U. S. Stat. at Large, 445, § 1, and art. 16 of Treaty of 1854 with Delaware Indians,) and that the pretended sale made by Stevens to Oliver and Montgomery was utterly void — citing 1 Kas., 165, 166, and 4 Kas., 17. They also contended that partitions between tenants in common are not made by such transactions as those disclosed in this case.

*E. H. Eggleston,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of an action of ejectment, for the recovery of certain real property, to-wit, lot 27, block 45, in Leavenworth city. The case was submitted to the court below, without a jury, and the court made separate findings of fact and conclusions of law. And while some of the findings of fact are sustained by but very little evidence, yet we think they are all sustained by sufficient evidence. Or at least, we cannot say that any material finding of fact is so far unsustained by evidence that we should reverse the judgment of the court below on that account.

The judgment of the district court was in favor of the plaintiff below, Mrs. Rafferty, and against the defendants below, Duffey and the Millers. Is this judgment correct upon the facts, as found by the court below? It seems that the legal title to the property in controversy is still outstanding in the original patentee, William H. Russell; and therefore the only questions now to be determined, as between these parties, are, has the plaintiff Mrs. Rafferty any kind of right to said property? and if so, who has the better right

thereto, herself or the defendants? If she has any right to the property, and if that right is paramount to any right possessed by the defendants, she may recover, notwithstanding some other person not a party to the action may have a better right to the property than she has. Mrs. Rafferty's title to the property in controversy is substantially as follows: In 1854 the Leavenworth Town Company took possession of and surveyed and platted the original town-site of Leavenworth city. The title however to said town-site was still in the government of the United States, in trust for the Delaware Indians. (In this connection see *Fackler v. Ford*, 24 Howard, 322; same case, McCahon, 21; *Maduska v. Thomas*, 6 Kas., 153.) Said company sold some of the lots, and apportioned others to the members of the town company. In this way lots 27 and 28 in block 45 in said city were apportioned to Daniel H. Stevens, a member of the town company. In 1855 Stevens sold said lots to William R. Oliver and William Montgomery. On the 19th of September 1856, Oliver died, leaving a widow and two minor daughters, Hattie M., and Maggie, the first of whom is now the plaintiff in this action, Mrs. Rafferty. December 11th 1856, Mrs. Oliver was duly appointed guardian for said minor children. February 11th 1857 said Russell, as the agent and trustee of said town company, and of the persons entitled to lots under said sales and apportionments made by said town company, purchased said lots from the government of the United States, paying therefor from funds raised by said town company for that purpose, and received from the sales of lots and from assessments made on lots, a portion of which assessments was paid by Stevens. In April 1857, Russell and wife executed a deed for lot 28 to Montgomery, and not knowing that Oliver was dead they also at the same time executed a deed for lot 27 to Oliver. Montgomery accepted his deed, and put the same on record. Mrs. Oliver also accepted the deed made to Oliver, and put the same on record, and from that time till April, 1858, she had the entire possession of said lot 27, when she gave possession

thereof to Simon Cort, defendant Duffey's grantor.  October 15th 1859 Mrs. Oliver died, and two weeks thereafter Maggie Oliver, Mrs. Rafferty's sister, died, aged only five years. Cort and the defendants have had possession of said lot ever since.   Cort received the possession thereof from Mrs. Oliver; and at no time since Russell executed said deeds to Oliver and Montgomery has either Russell or Montgomery made any claim to said lot 27.   The defendant's title to said lot 27 is as follows:  In 1858 Mrs. Oliver in her own right, and as guardian for her said minor children, by one William Lynn, attempted to sell said lot 27 to Simon Cort, and gave Cort possession of the lot.   On the day of the death of Mrs. Oliver, and subsequently thereto, there were some proceedings had in the probate court with reference to said sale and said lot 27, but as these proceedings were so manifestly void that even the defendants themselves do not claim anything under them, we shall not make any further mention of them. August 29th 1860 Cort sold and conveyed said lot 27 to the defendant Duffey, and gave him possession thereof; and the other defendants hold under Duffey.   Duffey has been in possession of said lot 27 ever since he purchased it from Cort, and no one but the plaintiff has ever attempted to disturb his possession, or right of possession thereto.  Now taking all these facts together, we think they show that the plaintiff has some right to said lot, not only as against the defendants but also as against every other person; and that while the defendants might have some right to the property as against a mere wrongdoer, or against any person who had no rights thereto, yet that they have no right or title as against the plaintiff.   The facts, as we think, show that when Oliver died he had an equitable interest in the fund with which said lot was purchased; that he had an equitable right to demand that said fund should be used for the purpose of purchasing said lot; and that it was such a right as would descend to his heirs.   The fund was devoted to the express purpose of purchasing said property; and when Russell used the fund in purchasing the same from the United

States, a trust estate immediately resulted therein in favor of the heirs of Oliver, coëxtensive with their interest in said fund. At the time of the death of Oliver his two minor children, Hattie M. and Maggie, were his heirs. (Laws of 1855, p. 306, § 1.) His widow, if entitled to anything, was entitled to only a dower interest of one-third during her natural life. (Laws of 1855, supra, and also p. 314, § 1.) Therefore, when Mrs. Oliver died, her interest in the property, if she ever had any, lapsed, and the whole interest derived from Oliver passed to the two minor children; and when Maggie died, her interest in the property passed to her sister Hattie M., now Mrs. Rafferty. (Laws of 1859, p. 383, § 19.) From the acts of all the parties there must have been an equitable partition of the property between Oliver and Montgomery. At least, it so appears from the acts of Montgomery and Russell, the parties most interested in the matter, and the only parties who have any right to controvert the matter. An equitable partition, a mere parol partition, of real estate, followed by acts, where the parties have only an equitable interest in the property, is sufficient.

From the foregoing it would seem that the plaintiff ought to recover in this case. Even if Cort obtained from Mrs. Oliver her dower interest in the property in controversy, still that dower interest had terminated before Duffey purchased the property from Cort, and long before this action was commenced. Duffey never obtained any interest in said property, legal or equitable. He never had anything more than a bare naked possession, derived from the plaintiff's guardian, through Cort and Lynn. Now under these circumstances, even if the plaintiff had no title, legal or equitable, to said lot, yet still it would seem that she ought to recover. Her possession through her guardian was prior in time to that of the defendants, and the defendants hold under her possession. Now it is a general rule that as between parties claiming title, mere priority of possession gives precedence, where no better title can be shown as belonging to either. And this rule will certainly apply to this case, provided the plaintiff has failed

to show any better title than a mere priority of possession with a claim of ownership.

There are other grounds suggested by plaintiff in error for the reversal of the judgment below, but we do not think that they are tenable.

The judgment of the court below is affirmed.

All the Justices concurring.