## WILLIAM SIMPSON v. EZEKIEL J. BORING.

EJECTMENT; *What Title is Sufficient to Maintain Action.* Any kind of an estate in land, legal or equitable, is sufficient to enable a plaintiff to recover in an action in the nature of ejectment, under § 595 of the civil code, as against a party who has no interest in the property. The question of who shall recover, in such an action, depends entirely upon the question, which party has the paramount right to the property in controversy.

*Error from Bourbon District Court.*

EJECTMENT, brought by *Boring*, to recover possession of eighty acres of land. Plaintiff claimed to be the legal and equitable owner, and to be entitled to the immediate possession. *Simpson* answered, first, a general denial; second, paramount title in himself; third, "that the matter in dispute was *res adjudicata*, having once been litigated and decided in an

action between the same parties in the same court," making a profert and an exhibit of the record in an action of trespass formerly tried in said court, wherein "said William Simpson was plaintiff, and said E. J. Boring was defendant." [Said "exhibit" shows among other things that Simpson, in September 1872, filed a petition in trespass, which petition contains two counts — the first, alleging that Simpson in and previous to the year 1871 was in the possession of certain lands, (being the same lands in controversy in this action,) and that Boring in March 1871, and on divers days since that date, had broken and entered his (Simpson's) close, and committed injuries to the grass growing thereon, and had broken and destroyed the fences, etc. In the second count, Simpson alleged that he was "the owner of certain boards, rails, posts and stakes, and other fencing materials, which property was in March 1871" on said lands, and that Boring had "seized, taken, broken, cut, knocked down, injured and destroyed said personal property, to the damage," etc. To said petition, (as shown by the record,) Boring, in October 1872, filed an answer, which contained, first, a general denial; second, that he at the time of the alleged trespasses was "in the actual and lawful possession of the lands described in plaintiff's petition;" and third, that he (Boring) "is, and at the times mentioned was, the rightful owner of said premises," etc. A reply was filed, and the record shows that said action of "Simpson against Boring," for alleged trespasses, was tried at the July Term 1873 of the Bourbon district court, and that judgment therein was rendered in favor of said Simpson for one cent damages.] To the answer in this case, setting up said matters in defense of plaintiff's right to recover the possession of the land, *Boring* replied, a general denial. A trial was had at the June Term 1874, E. M. H., judge *pro tem.*, presiding. The court refused to admit any testimony in support of Simpson's *third* defense. The jury returned a verdict as follows:

(*Title.*) "We the jury find for the plaintiff Ezekiel J. Boring, that at the commencement of this action the said

17—16 KAS.

plaintiff was entitled to the possession of the land described in the petition, and that the defendant, Wm. Simpson, wrongfully withheld possession thereof from the plaintiff. And we assess plaintiff's damages for injuries sustained to said premises at the sum of one cent."

New trial refused, and judgment on the verdict. *Simpson* brings the case here on error.

*McComas & McKeighan*, for plaintiff in error.

*W. C. Webb*, and *W. J. Bawden*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by Ezekiel J. Boring against William Simpson to recover certain land in Bourbon county. The pleadings show that the title to the land passed originally from the government of the United States to the Missouri River, Fort Scott & Gulf Railroad Company, and that the plaintiff claims title under and through said railroad company. The pleadings also show that the defendant claims adversely to both the plaintiff and the railroad company. He claims that at the time the patent for the land was issued by the government to said railroad company, one Alexander Haskins had the right under the Cherokee treaty of July 19th 1866, (14 U. S. Stat. at Large, 799, 804, § 17,) to purchase said land from the government, and that he (the defendant) has succeeded to the rights of Haskins, and that therefore the railroad company holds said property in trust for him, the defendant. The defendant set forth in his answer all the facts of his claim, fully and specifically, and upon the truth of these facts the plaintiff took issue by denying the same generally in his reply. The issues of fact thus made were submitted to a jury, and the jury on the merits of the case found in favor of the plaintiff, and against the defendant. This is about all there is of the case. The defendant failed upon the facts of the case, and not upon the law. His allegations of fact were found by the jury not to be true; and hence there is no question of law now involved in the case that

merits much consideration from this court. If the defendant's facts had been found to be true, he would have recovered so far as the law is concerned. The case was very fairly submitted to the jury. The jury found against the defendant, and their verdict is unquestionably correct. It is true, the plaintiff did not hold the legal title (as contradistinguished from the equitable title) to the property in dispute; but that was not necessary. (Gen. Stat. 747, § 595; *Duffey v. Rafferty,* 15 Kas. 9.) The railroad company held the legal title, and the plaintiff claimed by virtue of a written contract of purchase of said property from the railroad company. Under said contract the plaintiff had the right of possession of the property as against the railroad company, or as against any person holding under the railroad company. The contract was still subsisting and in full force when this action was commenced, and when it was tried; and this we think was sufficient to enable the plaintiff to recover. The defendant had no interest whatever in the property as against the railroad company, or the plaintiff. And any kind of an estate in land, legal or equitable, is sufficient to enable a plaintiff to recover in this kind of action as against a party who has no interest in the property. The question of who shall recover in this kind of action depends entirely upon the question who has the paramount right to the property. (*Duffey v. Rafferty,* supra. See also, *K. P. Rly. Co. v. McBratney,* 10 Kas. 415; *The State v. Stringfellow,* 2 Kas. 263.)

The former case of Simpson v. Boring can have no possible bearing upon the present case. Simpson might have recovered in that case upon the second count of his petition for the "boards, rails, posts and stakes, and other fencing materials," "personal property," which he alleges Boring injured and destroyed, without showing that he (Simpson) ever had the least interest in the real estate now in controversy, or that he had ever been in the possession thereof, or even that he had ever seen or heard of the same.

The judgment of the court below is affirmed.

All the Justices concurring.