FRANK J. THOMAS v. J. J. RAUER.

No. 11,841.  ( 64 Pac. 80.)

1. EJECTMENT— *Outstanding Title.* A defendant in an ejectment action cannot plead an outstanding superior title in a third person to defeat recovery by the plaintiff.

2. FRAUD— *Conveyance.* A conveyance made with intent to defraud creditors is "utterly void and of no effect" as to such creditors or others holding under them.

3. ———— *Limitation of Action.* The statute of limitations barring an action for relief on the ground of fraud in two years after the discovery of the fraud affects only the right of action, and does not prevent one who has been injured by the fraud from pleading the same as a shield to protect himself from the action of another.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed March 9, 1901. *In banc.* Affirmed.

*Isenhart & Alexander,* for plaintiff in error.

*W. H. Cowles,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action in ejectment brought by defendant in error, J. J. Rauer, who claimed under a deed from one Oxford, the latter having claimed under a sheriff's deed made in an action in attachment against W. H. Brooks, jr., a non-resident, who at one time owned the land in question. The defendant below, Frank J. Thomas, was in possession of the property and claimed under tax deeds. He further contends that the plaintiff ought not to recover because there was a superior title outstanding in Willie C. Brooks, which he had received by deed from his father, W. H. Brooks, jr., before the commencement of the action in attachment by Oxford.

The plaintiff, Rauer, as against this, contends that this deed made to Willie C. Brooks by W. H. Brooks, jr., was made for the purpose of defrauding the creditors of said W. H. Brooks, jr., and hence was void. The defendant claimed that this could not be shown by the plaintiff for the following reasons : (1) That Rauer was not and never had been a creditor of W. H. Brooks, jr., and hence could not urge this fraud, if any there was; (2) that if there was fraud more than two years had elapsed since its discovery, and, hence, it could not be urged, because barred by the statute of limitations. The court overruled both of these contentions, and found that Thomas's tax deeds were void because of irregularities in their issuance. As to this no fault is found.

The court further found, as a matter of fact, that the deed of W. H. Brooks, jr., to Willie C. Brooks was made for the purpose of defrauding the creditors of W. H. Brooks, jr., and was void, and rendered judgment in favor of the plaintiff, Rauer. The defendant, Thomas, brings this action here, and suggests as error the two matters which he urged below against the admission and consideration of the deed of W. H. Brooks, jr., to Willie C. Brooks.

Under the decisions of this court, we must hold that this outstanding title in Willie C. Brooks cannot be set up to defeat the claim of the plaintiff. In *Duffey v. Rafferty*, 15 Kan. 9, the court, in the syllabus, said :

"In an action in the nature of an action of ejectment, in Kansas, the plaintiff may recover, if he has any right to the property, and if that right is paramount to any right to the same possessd by the defendant, although the legal title to the property may be outstanding in some third person, and although some third person may have a better right to the property than the plaintiff."

The incidental remark made in the opinion of the court when this case was here before (*Rauer v. Thomas*, 60 Kan. 71, 55 Pac. 285), that might be construed to hold contrary to the doctrine announced in *Duffey v. Rafferty*, supra, was not intended to commit the court to the contrary doctrine, although many courts hold that way. We now decide that Thomas could not avail himself of any outstanding title in Willie C. Brooks as a defense to Rauer's action. However, Rauer, by reason of the fact that he holds under Oxford, is entitled to interpose any objection that Oxford could have interposed. If this deed of W. H. Brooks, jr., to Willie C. Brooks, his son, was made for the purpose of defrauding his creditors, as the court found, it is "utterly void and of no effect" (Gen. Stat. 1889, ¶ 3162; Gen. Stat. 1897, ch. 112, § 2; Gen. Stat. 1899, § 3068), and may be so held when any one claims rights thereunder.

Nor is the claim of Thomas that the statute of limitations had run upon the fraud practiced by W. H. Brooks, jr., in deeding this land well taken. The statute of limitations in this respect only applies to those who seek "relief on the ground of fraud" (Gen. Stat. 1897, ch. 95, § 12; Gen. Stat. 1899, § 4262), and does not apply to one who is seeking to defend his rights on the ground of some fraudulent transaction. The doctrine is clearly and satisfactorily stated in *Brown v. Cloud County Bank*, 2 Kan. App. 352, 42 Pac. 593:

"The statutory limitation of the time within which 'an action for relief on the ground of fraud' must be commenced only applies when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action or to prove fraud to entitle him to relief."

In that case, as well as in the one at bar, the plaintiff did not base his right to recover upon the ground of fraud. Fraud was not a part of the substantive cause of action in which relief was asked.

The plaintiff in error complains of the finding of the court that the deed from W. H. Brooks, jr., to Willie C. Brooks was made for the purpose of defrauding creditors. It may be said that the evidence on this point is not the most conclusive, but we cannot say that it did not warrant the conclusion at which the court arrived, and, therefore, under the rules of this court, we may not set it aside.

We find no error in the judgment of the court below, and therefore affirm the same.