No. 20,841.

GEORGE A. GRISIER, *Appellee,* v. THE FARMERS STATE BANK OF BELPRE et al., *Appellants.*

### SYLLABUS BY THE COURT.

NOTE AND MORTGAGE—*Relationship of Parties—Presumptions of Fraud.* Failure of consideration and fraudulent purpose in the giving of a note and chattel mortgage will not be presumed because of the relationship of the parties.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed December 8, 1917. Affirmed.

*Ray H. Beals,* of St. John, and *F. L. Martin,* of Hutchinson, for the appellants.

*Robert Garvin,* of St. John, for the appellee.

The opinion of the court was delivered by

PORTER, J.: On the first day of May, 1914, H. D. Prose and his wife gave their promissory note to Geo. A. Grisier for $1,685, secured by a chattel mortgage on a growing crop of wheat in Stafford county. Geo. A. Grisier is the brother of Mrs. Prose. He resided at the time in the state of Washington. Prose filed the chattel mortgage for record and sent the note by mail to his brother-in-law.

On May 23, 1914, the Farmers State Bank of Belpre, which had obtained a judgment against Prose in February, caused an execution to issue and it was levied on the wheat. At the sale the bank purchased the wheat for $300.

This action is by Grisier against the bank and the sheriff to recover the value of the wheat.

The answer alleged that the chattel mortgage was fraudulent; that there was no valid indebtedness due the plaintiff from Prose; and that he executed the chattel mortgage and placed it on record without the knowledge of the plaintiff. The reply was a general denial.

The case was tried by the court and judgment was rendered in plaintiff's favor for $925, which the parties stipulated was the value of the wheat. The bank and the sheriff appeal.

The principal contention is that the evidence was not sufficient to sustain the judgment. It is said in the brief "that the appellants believe the giving of the chattel mortgage was a fraudulent transaction, . . . merely a scheme to keep the bank from collecting its judgment," and that Geo. A. Grisier "became a party to the fraudulent transaction." Our attention is called to the circumstances in which the note and mortgage were given, and other circumstances and facts shown at the trial, which the defendants insist uphold their contention. In their brief appellants say, "The abstract is the strongest argument."

There is no merit in the appeal. There was abundant evidence to show that Prose and his wife were justly indebted to the plaintiff to the amount of the note and mortgage. The fact that Prose was insolvent at the time, the fact that the plaintiff is his brother-in-law, and all the other circumstances connected with the execution of the note and mortgage were fully inquired into by the court, and the general judgment is a finding against appellant's claim of fraud. The brief cites the case of *Thomas v. Rauer,* 62 Kan. 568, 64 Pac. 80, in support of the proposition that if the chattel mortgage was given by Prose in order to defraud the bank then it is void. In that case the court found that there was fraud. Here the court has found there was no fraud. It is contended that the court was in error in ruling that the defendants had the burden of proof. The theory seems to be that because of the relationship between the plaintiff and Prose the transaction is presumed to be fraudulent and that the burden rested upon the plaintiff to show that it was not. The court rightly held that the defendants who alleged fraud had the burden of proving it. (*Baughman, Sheriff, v. Penn,* 33 Kan. 504, 6 Pac. 890.) As said in the opinion in *Parmenter v. Lomax,* 68 Kan. 61, 74 Pac. 634:

"We are asked to presume a failure of consideration and fraudulent purpose on the part of Latimer by reason of his relationship to the other parties, and his transfer of the property to his grandsons, who were insolvent. This we cannot do. Fraud is not presumed." (p. 65.)

There was no error in rejecting the testimony in rebuttal showing that the debt which had merged in its judgment against Prose was an honest debt. The purpose of the testimony was to contradict a statement made by Prose, who was a witness for the plaintiff, and who said on cross-examination that the bank obtained a judgment on him which was not an honest one. He was not a party to the action. The plaintiff does not base his right to recover on the contention that the bank's judgment was not valid and just. That it is valid is conceded.

The judgment is affirmed.