No. 27,780.

D. F. Urschel, *Appellant*, v. Walter S. Davis, *Appellee.*

(263 Pac. 1074.)

SYLLABUS BY THE COURT.

1. Ejectment—*Title to Support Action.* All that. it is necessary for the plaintiff to establish in an ejectment action to entitle him to recover is that he has some kind of an estate in the property in controversy, legal or equitable, and that such title is paramount to that of the defendant.

2. Same—*Defenses—Showing Plaintiff to Be Mere Mortgagee.* In an ejectment action against the holder of a tax deed void on its face the defendant is not permitted to show that the deed upon which plaintiff relies for his title is in effect a mortgage.

3. Same—*Defenses—Outstanding Title in Another.* Any evidence offered in an action in ejectment by defendant, holder of a tax deed void on its face, tending to show an outstanding superior title in another not a party to the action is incompetent and immaterial and the objection to such should be sustained.

4. Same—*Questions Triable—Comparison of Titles.* The right of possession being the gist of an ejectment action, the inquiry in such action is limited to a comparison of titles held by plaintiff and defendant.

5. Same—*Title to Support Action—Mortgage.* The fact that the plaintiff in an ejectment action knew that the deed by which he held title might be in effect only a mortgage will not defeat his right to recover possession against one holding under a void tax deed.

Appeal from Marion district court; Cassius M. Clark, judge. Opinion filed February 11, 1128. Reversed.

*W. H. Carpenter* and *W. R. Carpenter,* both of Marion, for the appellant.

*B. C. Johnston, R. L. King* and *Roscoe King,* all of Marion, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action in ejectment against one holding possession under two tax deeds held by the court to be void on their face. Judgment was rendered against the plaintiff and in favor of the defendant for costs, because the conveyance under which plaintiff held title was found by the court to have been only a mortgage in effect, having been originally given to secure the payment of an indebtedness, and that the plaintiff knew of such situation

Ejectment, 19 C. J. pp. 1032 n. 57, 1059 n. 60, 1077 n. 77, 1086 n. 10; 9 R. C. L. 839, 841, 870.

when he acquired his title. The plaintiff appeals, alleging error in the admission of evidence offered by the defendant tending to show that the deed given to plaintiff's grantor was only a mortgage and tending to defeat recovery of the plaintiff by showing there was outstanding a superior title in a third person not a party to the action. There is no cross appeal nor contention made in this court as to the tax deeds being otherwise than absolutely void as found by the trial court.

The facts as to the chain of title are about as follows: One C. B. Aves seems to have been the admitted or generally acknowledged owner of the lots in controversy. He contracted to sell them to the Meredith Construction Company. The construction company became badly indebted to the Marion County State Bank. Aves indorsed some of the construction company paper held by the bank. At the request of the bank Aves and wife gave the bank a deed to the lots in question and other lots contracted by Aves to the construction company to secure such indebtedness. The bank later conveyed the three lots involved in this action to the plaintiff, who thereafter commenced this action in ejectment against the defendant. The findings of the trial court are specially set out in the journal entry of judgment and are as follows:

"Whereupon, the court determined that even though the two tax deeds under which the defendant claimed an interest in and to said premises described in plaintiff's petition were void and of no effect, and that said defendant had no title to said premises, that the plaintiff could not recover, as the deed given by C. B. Aves and wife to the Marion County State Bank to the premises mentioned in plaintiff's petition was given as security for a debt due and owing from the Meredith Construction Company, who had the equitable title in said premises when the then owner, C. B. Aves, deeded the same to said bank to secure an indebtedness to said bank for which said C. B. Aves was liable as an indorser on the note given by the Meredith Construction Company to said bank, and that said plaintiff knew that said deed given by said C. B. Aves to said bank was given as security as above stated.

"Wherefore, the court found for the defendant in said action, and it was by the court considered, ordered and adjudged that the defendant have and recover a judgment for costs in this action against said plaintiff taxed at $22.05."

All the evidence as to title except the introduction of deeds was offered and introduced by the defendant over the strenuous and continuous objections of the plaintiff.

The first, and we think the only, important question involved in this action is whether the defendant, holding possession under tax

Urschel v. Davis.

deeds which are later held void, can be permitted to show the weakness of plaintiff's title in a possessory action like ejectment by offering evidence of a superior title outstanding in some third person not a party to the action. It is true the plaintiff must recover by the strength of his own title rather than the weakness of the title of the defendant, but he is only required to compare titles with the defendant. He does not have to match titles with the whole world. He and the defendant alone are concerned in this controversy. If the defendant has no title, why should he be concerned if the plaintiff should later have to yield and submit to some superior title held by a third person not interested in this action? Of course, if the plaintiff's title were a forgery or lacking some of the essentials of a conveyance it might not pass any title, and the defendant might very properly remain ·in possession under his void tax deeds as against such an attack until some one should come with a better title than his, which our court has said would be *any title, legal or equitable.* It was said in the opinion in the case of *Riggs v. Anderson,* 47 Kan. 66, 69, 27 Pac. 112:

"While it is true and a well-settled legal proposition that a plaintiff in an action in ejectment must recover upon the strength of his own title, yet, in this state, under § 595 of the code of civil procedure, the plaintiff is not required to hold the legal title, or a title paramount to the title of all others, to enable him to recover. All that is necessary to entitle him to recover is, that he shall have some kind of an estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant." (See, also, *Simpson v. Boring,* 16 Kan. 248.)

This has always been the rule in Kansas, and the defendant is not permitted to show a paramount title outstanding in a third person.

"In an action in the nature of an action of ejectment, in Kansas, the plaintiff may recover if he has any right to the property and if that right is paramount to any right to the same possessed by the defendant, although the legal title to the property may be outstanding in some third person, and although some third person may have a better right to the property than the plaintiff." (*Duffey v. Rafferty,* 15 Kan. 9, syl.)

In the opinion in the case of *A. T. & S. F. Rld. Co. v. Rockwood,* 25 Kan. 292, it was said:

"All that is necessary in order to enable him [plaintiff in ejectment] to recover is that he shall have some kind of estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant." (p. 302.)

"In an action of ejectment the plaintiff may recover if he shows that he has a claim to the property by color of title, as against the defendant who is in possession without color or claim of title, other than by possession." (*Douglass v. Ruffin*, 38 Kan. 530, syl. ¶ 1, 16 Pac. 783.)

"Where the plaintiff in an action of ejectment establishes an interest or title to land paramount to that of the defendant, the latter cannot avail himself of an outstanding title in a third party, although it may be superior to that of the plaintiff." (*McBride v. Steinweden*, 72 Kan. 508, syl. ¶ 5, 83 Pac. 822.)

"A defendant in an ejectment action cannot plead an outstanding superior title in a third person to defeat recovery by the plaintiff." (*Thomas v. Rauer*, 62 Kan. 568, syl. ¶ 1, 64 Pac. 80. See, also, 19 C. J. 1076.)

There is sometimes an exception to the rule where the defendant claims an interest in the outstanding title, and there was in this case some evidence to that effect, but it fell when the defendant attempted to support it by a bill of sale. We think it was error to overrule plaintiff's objection to the introduction of all evidence as to any title or any part of the title being in a third person not a party to the action or to permit defendant to show that the plaintiff's deed was in effect a mortgage. Counsel for appellee says:

"There was not a word in the record that the appellee was allowed by the court to set up or prove any superior title to the lots in question herein in the name of any third person to defeat the title of the appellant to said lots. The claim of the appellant that the court did allow the appellee to do so is wholly assumption, and the quoted evidence on which appellant claims was for said purpose does not prove the claim, and such claim is without any foundation in fact."

But appellee in his brief says:

"Said quoted evidence was evidence admitted by the court on the question as to whether or not a deed dated January 29, 1923, executed by one C. B. Aves and wife to the Marion County State Bank was given to secure a note owned by said bank and on which note the grantor in said deed (C. B. Aves) is liable as an indorser."

The trial court gave these facts brought out in evidence their natural and usual import and significance when he in effect found that C. B. Aves held the legal title, the Meredith Construction Company the equitable title, and the bank, the grantor of plaintiff, a deed as security for an indebtedness of the construction company indorsed by Aves. These several interests are what we usually refer to and call outstanding titles, and are not, under the uniform authorities in Kansas, such defects of title as the defendant holder of

a tax deed can plead or prove to defeat the title of the plaintiff in an ejectment action.

This conclusion makes it unnecessary to consider the other errors pointed out in the appellant's brief. The judgment is reversed, with directions to render judgment for the plaintiff and to determine the rights of the plaintiff, if any, under the second count of his petition and the amount of the tax lien that should be given the defendant.