No. 28,950.

SARAH E. RUSSELL, *Appellee,* v. GUY J. RUSSELL et al., *Appellants.*

(285 Pac. 633.)

Opinion filed March 8, 1930.

*Arthur J. Stanley* and *Arthur J. Stanley, Jr.,* both of Kansas City, for the appellants.

*H. E. Dean* and *E. E. Martin,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in equity to set aside deeds alleged to have been executed in fraud of plaintiff and to subject the property described therein to the obligations contained in, and the payments provided by, a contract between husband and wife, later approved and embodied in a decree for divorce. The trial court made findings of fact and rendered judgment for plaintiff. Defendants have appealed.

The findings of fact made by the trial court, amplified by the provisions of the contract between the parties and the decree in the divorce case, in so far as they are pertinent, may be summarized as follows: The plaintiff and Guy J. Russell were husband and wife. They had lived together about twenty-eight years and were the parents of several grown children and one daughter about seven years of age. In February, 1926, because of domestic difficulties

which made it imperative, they entered into a written agreement to live separate and apart from each other in the future and to settle all property rights between them, including the custody of the minor daughter and payments for her support. By the terms of this agreement the plaintiff was paid $1,000 in cash, and several pieces of real property were set over to her, to be free and clear of all liens and encumbrance, including the taxes of 1925. In the real property set over to her was a tract described as lots 13 and 14, block 10, Pacific Place. Other pieces of real property were retained by the husband. Among these was one described as lots 5 and 6, block 11, Pacific Place. The agreement recited that both parties knew that there was a mortgage of $4,000 which had been signed by both of them and which covered these two properties (lots 13 and 14, block 10, and lots 5 and 6, block 11, Pacific Place), and Guy J. Russell agreed on his part to assume and pay the mortgage debt when it became due, or to have the whole mortgage transferred to lots 5 and 6, block 11, or other property, or, on his failure to do so, that he would convey the lots 5 and 6, block 11, to plaintiff in payment, and would pay all accrued and accruing interest on the $4,000 mortgage. The agreement further recited that Guy J. Russell represents to plaintiff that a note held by his brother, which the parties had previously executed, had been paid and discharged. The agreement further provided that the plaintiff should have the custody of their minor daughter, and that Guy J. Russell should pay $25 per month for her maintenance and support, increasing the sum from time to time as the child advanced in school to a maximum of $50 per month, until she graduated from high school, or its equivalent.

In May, 1926, a divorce was granted to plaintiff from Guy J. Russell, in which the agreement made between the parties in February was approved by the court and in which the court adjudged that the rights of the parties to the matters in controversy became fixed by their agreement. Guy J. Russell paid the $25 per month to plaintiff for the support of their minor daughter up to and including the month of January, 1927, when he ceased to make such payments. At the time of the trial of this action he was in default of such payments in the sum of $580.96. The court found that Guy J. Russell neglected and refused to convey to plaintiff lots 13 and 14 in block 10, Pacific Place, free and clear of the mortgage lien thereon, and had failed to pay the $4,000 mortgage thereon, or to have the same transferred to other property, or to convey to plaintiff lots 5 and 6,

block 11, Pacific Place, without expense to her, when the mortgage debt became due, but that before that note became due he had executed, without consideration, conveyances to all real property standing in his name to his brother, Frank D. Russell, with the intention of placing his property beyond the reach of plaintiff under the decree of divorce. The court found the deeds were fraudulent .as to the plaintiff; that plaintiff was entitled to be released from personal liability on the $4,000 note, and was entitled to have the lots 13 and 14, block 10, Pacific Place, released from the mortgage securing the note; that plaintiff was entitled to recover from defendant, Guy J. Russell, $580.96, and to receive from him further payments for the support of the child in accordance with the decree in the divorce case. The court directed the sale of enough of the property described in the deeds from Guy J. Russell to his brother Frank to pay the $4,000 secured by the mortgage on lots 13 and 14, block 10, Pacific Place, and other property, and for the sum due plaintiff for the support of the child. We take it from the record that the sum adjudged due for the support of the child was paid into court by the defendant Guy J. Russell, with the reservation of his right to appeal, but no point is made of that.

Appellants argue that the burden rests upon the plaintiff to prove that the transactions complained of were fraudulent. This may be conceded to be true. (*Grisier v. Bank,* 102 Kan. 7, 169 Pac. 215.) And also argue that this burden did not shift because of the relationship of the grantor and the grantee, citing *Dillon v. Bryant,* 104 Kan. 380, 179 Pac. 318, and allied cases. While, generally speaking, this is true, the relation of the parties may be such that the court will carefully scrutinize the transaction. In *Pfeifer v. Basgall,* 112 Kan. 269, 211 Pac. 134, the rule is thus stated:

"A fraudulent transaction must in all cases be established by a preponderance of the evidence; the fact of relationship is merely an item of evidence, not sufficient in itself, to be weighed in with the other evidence to make up the requisite preponderance on which a verdict and judgment may be founded." (p. 272.)

Appellants argue that the evidence is not sufficient to meet the requirements of the rule just stated. The evidence disclosed that the grantee, Frank D. Russell, did not reside at Kansas City; that after the conveyances the grantor looked after, cared for and collected the rents of the property the same as he had done before. The answers in this case pleaded the consideration to be past in-

debtedness, but in the written agreement between plaintiff and her husband he had represented that the only indebtedness to his brother had been paid. There is no showing in this case that there had been any new indebtedness. The five deeds involved in this action purported to convey to Frank D. Russell all of the property owned by Guy J. Russell and known to the plaintiff at the time of their separation and divorce and one additional piece of property. It was argued this is not a sufficient showing that Guy J. Russell did not own other property. There is no contention on behalf of the defendants that he did own other property, and the plaintiff was not put to the burden of examining the records in each county in this state, and in every state in the union, to establish definitely that he owned no other property. The finding of the court that he had conveyed all the property he owned is the natural and reasonable one from the evidence. It is argued that it was not shown that Guy J. Russell did not have property other than the real property in controversy by which he could pay the mortgage debt of $4,000 above mentioned. It is clear from the evidence that he had not paid it, which indicates either his inability to pay, or his determination not to pay. There was further evidence that for a few months after the divorce he kept his bank account in the name of his brother, later that he kept it in the name of his second wife, whom he married after plaintiff's divorce from him, and then later in the name of his brother; that he made the deposits and checked on those accounts as though they were his own, and that the account, never very large, was sometimes overdrawn. But appellants argue that it is not shown that this was the only bank account he had, but having shown this the burden was not on the plaintiff to examine the accounts in all other banks in which it was possible he might have had an account. The only natural conclusion from the evidence was that which the court reached, that Guy J. Russell did not have other money or property with which he could satisfy this $4,000 obligation. With respect to the evidence on these matters it should be noted that defendants offered no evidence, and although both of them were present in court at the trial, neither of them testified. From this the court was justified in concluding that they had no testimony or other evidence to offer that would be beneficial to them or tend to weaken the evidence offered on behalf of plaintiff on the points in controversy.

Appellants argue that by the agreement between the parties and the decree in the divorce case there was no specific lien made upon the real property retained by Guy J. Russell, and that therefore he could convey the property and pass the title free from his contract obligations to the plaintiff. This is hardly a fair interpretation of the decree. The decree bound Guy J. Russell either to pay the $4,000 mortgage debt, or to transfer all of it to lots 5 and 6, block 10, which conditionally impressed a lien upon that property, or to other property which he owned, which in a sense impressed it upon all the other property which he owned. We understand appellants are not seriously contending that the court improperly ruled with respect to the payments for the support of the child, for they have tendered into court the amount found due for this without prejudice to their right to appeal from the other portions of the judgment.

From the record as a whole it appears that the trial court correctly interpreted the conveyances from Guy J. Russell to his brother as being a fraudulent scheme by which the grantor endeavored to relieve himself from carrying out the provisions of the decree in the divorce case. It would be strange indeed if the power of a court of equity were so limited that it could not grant relief in such a case.

The judgment of the court below is affirmed.