No. 29,972.

W. G. SMITH, *Appellant*, v. WALTER LINDSAY and AMANDA LINDSAY, *Appellees*.

(8 P. 2d 327.)

Opinion filed
March 5, 1932.

*F. J. Oyler* and *G. R. Gard*, both of Iola, for the appellant.

*J. Q. Wycoff* and *Rice Lardner*, both of Garnett, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This was an action in which the plaintiff sought to have a judgment declared a lien on certain lands.

It is alleged in the petition that the receiver of the Citizens State Bank of Garnett, Kan., through regular proceedings in the district court of Anderson county, recovered a judgment against the defendant, Walter Lindsay, on the 11th of April, 1928, for the sum of $3,381.54 and costs; that thereafter the judgment was duly assigned and transferred to the plaintiff for a valuable consideration, and on April 18, 1929, an execution was issued and returned unsatisfied; that the land described in the petition was purchased by the defendant and paid for out of funds belonging to him; that $3,000 of the purchase price was the proceeds of a note given to the bank upon which the judgment was rendered; that the title to the land was taken in the name of Amanda Lindsay for the purpose of placing it beyond the reach of the creditors of the said Walter Lindsay, and to cheat and defraud the bank; that the indebtedness to the bank existed at the time the transfer was made. Plaintiff asked that the deed be set aside, and the judgment declared a lien on the land described in the petition.

To this petition the defendants each filed a general denial, and the defendant, Amanda Lindsay, plead the statute of limitations and that the bank, through its president, at the time of the purchase

of the land in question, was familiar with and cognizant of all the facts and circumstances relating thereto.

The defendants were husband and wife, and on November 15, 1926, the defendant, Amanda Lindsay, entered into a contract with E. M. Elliott, through her agent, H. C. Doering, who was also president of the Citizens State Bank, by the terms of which she agreed to purchase from Elliott the land in question, and to pay therefor the sum of $22,000. The deed to the land was deposited with the bank in escrow. On December 21, 1926, the defendant, Walter Lindsay, borrowed $3,000 from the bank, and it issued to him a cashier's check in that amount payable to E. M. Elliott. Shortly thereafter the bank failed, and the deed and contract were deposited in the First National Bank of Ottawa. On January 31, 1927, the Monitor Oil & Gas Company gave a check to W. H. Lindsay for $10,000, which was deposited in the First National Bank to the credit of Amanda Lindsay. This represented the earnings of certain oil and gas drilling machines belonging to Amanda Lindsay and H. C. Doering. On January 29, 1927, a check was drawn on this account signed Amanda Lindsay, by Walter Lindsay, payable to E. M. Elliott, in the sum of $6,984.50. This check, together with the cashier's check in the amount of $3,000, was delivered to Elliott, and the deed to the land was delivered to Amanda Lindsay. The balance of the purchase price was settled by the grantee assuming mortgage indebtedness then existing on the land. The judgment was based upon the promissory note given for the $3,000 cashier's check. An execution had been issued on the judgment and returned unsatisfied.

At the close of the plaintiff's evidence the defendants demurred. The demurrers were overruled and the defendants, without introducing further evidence, submitted the case to the court. The court, after taking the case under advisement, found generally for the defendants, and rendered judgment against the plaintiff for costs.

From this judgment the plaintiff appeals and assigns as error, first, that the court erred in rendering final judgment for the defendants, and, second, the court erred in overruling plaintiff's motion for a new trial.

The assignments of error and the argument of the appellant present only questions of fact. The burden was on the appellant to establish his cause of action, and, among other things, it was necessary for him to prove that the appellees caused the land to be con-

veyed to Amanda Lindsay for the purpose of defrauding the bank. Transactions between husband and wife are closely scrutinized (*Kennedy v. Powell,* 34 Kan. 22, 7 Pac. 606), but relationship of the parties alone is not sufficient to establish fraud. (*Grisier v. Bank,* 102 Kan. 7, 169 Pac. 215.) There must be other circumstances to warrant the court in finding fraud.

In this case the bank, at the time the loan was made, was fully advised of the use that was being made of the money. It does not appear to have placed any reliance on the property in question in making the loan. The loan appears to have been made on the credit of Walter Lindsay, with full knowledge that the proceeds of the loan would be invested in property for Amanda Lindsay. We think, under all the circumstances in this case, the court was fully warranted in finding for the appellees.

The judgment is affirmed.